■ ROSE SCHNEPH, Respondent, v. NEW YORK TIMES COMPANY et al., Appellants.— Order, entered on May 27, 1964, insofar as it denies the motion of defendants New York Times Company and Interstate Broadcasting Co., Inc., to vacate a notice to examine said defendants as to the matters embraced in the third separate and complete defense alleged in their third amended answer, unanimously affirmed, without costs. After the case had been noticed for trial and a statement of readiness filed, defendants obtained leave to assert an additional defense, based on the decision of *New York Times Co.* v. *Sullivan* (376 U. S. 254), to the effect that the alleged libelous statements were made without malice concerning a public official in the conduct of official duties. Plaintiff then served a notice to examine defendants as to the issues presented by this new defense. Initially, in moving for a protective order vacating the notice of examination, defendants urged that rule IV (subd. 4, par. [g]) of the rules of this court, adopted for the Supreme Court, New York and Bronx Counties, required that plaintiff proceed by order, rather than notice of an examination. However, the effect of defendants' motion for a protective order, in which they chose to litigate the propriety and merits of the notice of examination, is the same as if an order had been sought by plaintiff. But failure strictly to comply with our rules, requiring a motion rather than a notice, is penalized to the extent of denying costs to respondent on this appeal. The fact that a statement of readiness had been filed did not deprive plaintiff of the right to examine as to the new defense. The interposition of the new defense was the type of unusual circumstance contemplated by *Price* v. *Brody* (7 A D 2d 204) permitting departure from the rule against permitting further pretrial procedures after a statement of readiness had been filed. While the issue of malice upon which further examination is sought,

**641**

was present in the case before service of the new third defense, it was not present in the form and manner raised by the new defense. Malice may be inferred from the falsity of a publication. (*Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58.) But with the interposition of a defense predicated on *New York Times Co.* v. *Sullivan* (*supra*), the failure of the plaintiff affirmatively to prove malice may be a complete defense to the action, and not merely a bar to the assessment of punitive damages. This shift in the burden of proof occasioned by the interposition of the additional defense required that plaintiff be permitted the further examination on the newly created issue. It was therefore a wise exercise of discretion to allow the examination. Settle order on notice fixing date for examination to proceed. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.