■   KAREN WERNER, Respondent, v. ALLEN MINSKOFF, an Infant, by HENRY MINSKOFF, His Father and Natural Guardian, et al., Appellants, and LINDA HEILMAN, an Infant by JAMES HEILMAN, Her Father and Natural Guardian, et al., Respondents.— Orders entered October 18, 1967, unanimously modified, on the facts and the law, to allow examination before trial of defendants Heilman by defendants Minskoff, and as so modified, affirmed, without costs or disbursements.  A prior action between the same parties was instituted in Bronx County.  While that action was pending various examinations before trial were held.  The order in effect denies examination of parties therein examined and allows examination of the party who was not examined.  We approve that disposition.  However, the Minskoff defendants were not given notice of plaintiff's examination of the Heilman defendants and did not participate in it.  They would be entitled to examine those defendants and are not bound to accept as their examination the one conducted by plaintiff.  Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.

■   BABSON INDUSTRIES, LTD., Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Order entered March 27, 1968, denying summary judgment to plaintiff and granting summary judgment to defendant, unanimously affirmed on the merits, without costs or disbursements.  Since we concluded that the proposed plan would result in sales of liquor on credit, which are forbidden without the requisite permit for such sales, we declare in favor of defendant. Concur — Botein, P. J., Steuer, Tilzer, Rabin and McNally, JJ.

■   ULTRA FUEL CORP., INC., Respondent, v. RICHARD K. JOHNSTON et al., Appellants.— Order entered May 10, 1968, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellants, and plaintiff's motion for a preliminary injunction is denied.  The record herein does not support the validity of the temporary injunction.  The moving papers are fraught with material and disputed issues.  The defendant Johnston, the corporate principal, had no employment contract with the plaintiff corporation; nor was he restricted by any covenant of any nature; he denies possession of the list, which in any event, is not before us.  Under such circumstances, where the right of the plaintiff to any injunction is unclear, the relief must be denied.  (*Duro-Test Corp.* v. *Donaghy*, 9 A D 2d 860; *Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113.)  Nor is there any proof the list is unique and not compiled from readily ascertainable sources.  (*Boosing* v. *Dorman*, 148 App. Div. 824, affd. 210 N. Y. 529; *Abdallah* v. *Crandall*, 273 App. Div. 131.) Concur — Stevens, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.