■ INSTRUMENT SYSTEMS CORPORATION, Plaintiff, v. V. LA ROSA & SONS, INC., Defendant. (Action No. 1.) V. LA ROSA & SONS, INC., Respondent, v. INSTRUMENT SYSTEMS CORPORATION, Appellant. (Action No. 2.) — Appeal from so much of an order of the Supreme Court, Suffolk County, entered July 30, 1968, as, on respondent's cross motion, preliminarily enjoined appellant from selling plastic trays manufactured by it. Order reversed insofar as appealed from, on the law and the facts, with $10 costs and disbursements; the second, third, fourth and sixth decretal paragraphs of the order are accordingly struck out; and respondent's cross motion is disposed of by directing that, should plaintiff V. La Rosa & Sons, Inc., establish after trial that defendant Instrument Systems Corporation breached the agreement dated May 10, 1966, as amended by letter dated April 8, 1967, then the sale by said plaintiff of 200 million plastic trays per year is not a condition to said plaintiff's option rights to purchase the corporate stock as set forth in the agreement. In our opinion, a preliminary injunction should not have been granted, since there is a sharp issue of fact as to whether plaintiff V. La Rosa & Sons, Inc., as the exclusive sales agent, used reasonable efforts to sell Instrument Systems' product. Nor should such injunction have been granted in the face of the fact that said plaintiff has an adequate remedy at law (*Cupples Envelope Co. v. Lackner*, 99 App. Div. 231) and has failed to show irreparable injury (*Gilbert v. Burnside*, 6 A D 2d 834). Beldock, P. J., Rabin and Benjamin, JJ., concur; Christ and Martuscello, JJ., dissent and vote to affirm the order insofar as appealed from.

■ KREMER CONSTRUCTION CO., INC., Respondent, v. BENJAMIN GARFINKEL, Appellant.— In an action for libel, defendant appeals from an order of the Supreme Court, Queens County, dated July 31, 1968, which denied his motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. We are of the opinion that the defense of qualified privilege is applicable (*Byam v. Collins*, 111 N. Y. 143; *Bingham v. Gaynor*, 203 N. Y. 27). In view of the applicability of this defense it is incumbent upon plaintiff to establish by evidentiary facts its allegation of actual malice in order to overcome the defense of qualified privilege (*Shapiro v. Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56). Since plaintiff failed to satisfy the requirements of showing evidentiary facts as opposed to making mere conclusory statements, the motion should have been granted. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ ALLAN MILLER, Appellant, v. JOYCE MILLER, Respondent, et al., Defendant.— Order of the Supreme Court, Nassau County, entered September 3, 1968, affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. We have not passed upon the legal questions raised by appellant as to the Special Term's not having conditioned the direction that plaintiff pay for support of the two younger children upon defendant Joyce Miller's making the children available for visitation with plaintiff. Those questions are left for determination upon the trial of the action. Brennan, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.