■ JAWDAT N. KHURI, Appellant-Respondent, v. M. W. KELLOGG COMPANY, Respondent-Appellant.— Order entered June 1, 1967, and judgment entered August 28, 1969, unanimously modified on the law to the extent of granting defendant's motion for judgment in its favor dismissing the second cause of action notwithstanding the verdict and otherwise affirmed, with $50 costs and disbursements to defendant-respondent-appellant. This is an action for slander based on defendant's reply to a request by a professor at New York University, to give defendant's evaluation of plaintiff, a former employee in defendant's pilot plant research program. Defendant's director of personnel did so orally and, at the professor's request, by letter. Plaintiff claimed the

letter was libelous and the information orally given slanderous. The jury decided in favor of the defendant on the libel cause of action and awarded plaintiff $75,000 compensatory and $75,000 punitive damages on the slander cause of action. The Trial Judge set aside the verdict in favor of the plaintiff as being against the weight of the evidence and granted a new trial. On this appeal plaintiff contends that the court erred in setting aside the verdict in his favor and granting a new trial since malice and ill will were established by a fair preponderance of the evidence. Defendant contends that the trial court properly set plaintiff's verdict aside but that additionally the complaint should have been dismissed. It is conceded that the words complained of were qualifiedly privileged and the trial court so charged. This being so, the burden is upon the plaintiff to prove falsity and malice. (See 35 N. Y. Jur. Libel and Slander, § 93; *Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 61; *Vecino* v. *Martinez,* 24 A D 2d 429.) When qualified privilege exists, it is assumed that there is no malice. (*Shapiro* v. *Health Ins. Plan, supra.*) Plaintiff failed to submit any evidence of actual malice and has failed to submit sufficient circumstantial evidence to raise an issue with respect thereto. Concur — Stevens, P. J., Eager, Tilzer, Nunez and Steuer, JJ.