■ CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF DEWITT, MANLIUS AND CICERO, Appellant, v. STANLEY L. LITZ, Individually and as President of East Syracuse-Minoa Teachers' Associations, et al., Respondents.— Order unanimously affirmed, with costs. (See *City of Auburn* v. *Nash*, 34 A D 2d 345.) (Appeal from order of Onondaga Special Term denying application for stay of arbitration.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ. [60 Misc 2d 1009.]

■ JOAN L. CALL et al., Respondents, v. JOHN P. SMITH, Appellant.— Order unanimously reversed, motion to vacate order of preclusion denied, motion for summary judgment granted and complaint dismissed, all without costs. Memorandum: Plaintiffs commenced an action on July 28, 1967 to recover damages for personal injuries sustained in an accident which occurred on July 30, 1964. Issue was joined and a demand for a bill of particulars served on August 28, 1967. Plaintiffs failed to comply with defendant's demand and on October 12, 1967 the motion for a preclusion order was made. Upon the return date and upon plaintiffs' default in appearing, a 10-day conditional order of preclusion was granted. Service of this order was made and plaintiffs' counsel concedes that delivery thereof was made on November 9, 1967. No attempt was made by plaintiffs to comply with the order and no bill of particulars has been served. Nearly two years after the service of the order the defendant moved for summary judgment on the ground plaintiffs were barred from giving evidence in support of their claims. No cross motion was made but in the answering affidavit, plaintiffs requested that the preclusion order be vacated. The answering affidavit, however, fails to demonstrate an excuse proportionate to plaintiffs' neglect and they have failed to meet the heavy burden placed upon those seeking to be excused. (*Schultz* v. *Kobus*, 15 A D 2d 382; *Goldstein* v. *Wickett*, 3 A D 2d 135.) As we have repeatedly said we " cannot condone or overlook great delay as in the instant case ". (*Walker* v. *Ferri*, 5 A D 2d 24, 25; see, also, *Palmer* v. *Fox*, 28 A D 2d 968, affd. 22 N Y 2d 667; *Hamilton* v. *Dudley*, 27 A D 2d 701; *Gonsa* v. *Licitra*, 6 A D 2d 755.) We have considered the additional arguments advanced by plaintiffs and find them unavailing. (See *Sortino* v. *Fisher*, 20 A D 2d 25; CPLR 2001.) Since plaintiffs have failed to meet the heavy burden of explaining their neglect, it was an improvident exercise of discretion to vacate the preclusion order (*Clements* v. *Peters*, 33 A D 2d 1096); and, since by virtue of that order plaintiffs are barred from establishing their causes of action, the motion for summary judgment should have been granted. (Appeal from order of Erie Special Term denying motion for summary judgment and vacating order of preclusion.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.