■ In the Matter of the Arbitration between the City of Johnstown, Appellant, and Local 779, Johnstown Fire Fighters Association, Respondent.— Appeal from an order of the Fulton County Court at Special Term, entered April 20, 1972, which denied petitioner's motion for a stay of arbitration, and granted respondent's cross motion to compel arbitration. On March 2, 1970, Edward White, a fireman employed by petitioner and a member of respondent's union, was injured and filed a claim for workmen's compensation. Petitioner controverted the claim contending that the injury did not arise out of and in the course of employment. Pending a decision by the Workmen's Compensation Board, Edward White took the sick leave to which he was entitled from March 3, 1970 until May 15, 1970. Upon termination of his sick leave, he requested and was granted his annual vacation leave commencing May 16, 1970 and terminating June 13, 1970. On September 4, 1970, the Workmen's Compensation Board determined that his injuries arose out of and in the course of employment, and awarded compensation from March 3, 1970 to June 1, 1970. The award was paid to petitioner pursuant to sub-

division (d) of section 13-207 of the City of Johnstown Code, whereupon his sick leave rights were restored. Respondent then requested restoration of his vacation leave for the period between May 15, 1970 and June 1, 1970. On October 14, 1971, the City Attorney rendered an opinion that Edward White was not entitled to restoration of his vacation leave. By letter dated January 5, 1972, respondent was advised that the Mayor and Common Council had decided not to restore the vacation time. On or about January 10, 1972, respondent notified petitioner that it intended to proceed to arbitration on a dispute over the refusal to restore the vacation time pursuant to the collective bargaining agreement between them. Petitioner on this appeal contends that the application for arbitration was either premature or that arbitration was waived under the grievance procedure provisions of the agreement between the parties and, in any event, the dispute is not subject to arbitration since it does not involve "interpretation of application of any provision of the agreement" between the parties. Respondent contends that Edward White was not properly credited with vacation time which he was entitled to receive pursuant to the terms of the agreement, and that this dispute is subject to arbitration. The dispute here appears to be that since petitioner received the workmen's compensation payments for the period in issue May 15, 1970 to June 1, 1970, did Edward White actually receive four full weeks of vacation as provided by the agreement between the parties. The resolution of this dispute involves the interpretation of the application of the vacation provisions of the agreement. The arbitration clause of the agreement being susceptible to an interpretation that covers the asserted dispute, Special Term properly denied the motion for a stay of arbitration. (*Matter of Howard & Co. v. Daley*, 27 N Y 2d 285.) The dispute being arbitrable, the procedural and other questions raised by petitioner are for the arbitrator's determination. (*Matter of Long Is. Lbr. Co.* [[*Martin*], 15 N Y 2d 380; *Matter of Smith* [*Truck Drivers & Helpers Local Union No. 649*], 23 A D 2d 944.) Order affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.