HUNTINGTON HARTFORD, Respondent, v. RESORTS INTERNATIONAL, INC., et al., Appellants, et al., Defendant.— Appeal from so much of an order of Supreme Court, New York County, entered on August 17, 1973, as granted preliminary injunctive relief to plaintiff is disposed of as follows: The appeal, insofar as it pertains to the second decretal paragraph of the order is unanimously dismissed as moot, without costs and without disbursements. Insofar as the order provides for further injunctive relief it is unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and injunctive relief denied. By order, dated December 26, 1973, Special Term modified the order appealed from by deleting therefrom the second decretal paragraph. Accordingly, to the extent that the present appeal seeks to set aside the restraint on the disposal of Resorts' Class A common stock, pledged by plaintiff as collateral, it is now moot. In any event, injunctive relief was improvidently granted on this record. Special Term's finding that plaintiff would be irreparably harmed if an injunction were not

granted is not supported by the record, but its conclusion that the "issues of fact involved are sharply disputed" is so supported. "A temporary injunction should not be granted unless the plaintiff shows a clear legal right thereto and, in addition, shows that he would be irreparably damaged if an injunction were not granted before trial". (*DeCandido* v. *Young Stars*, 10 A D 2d 922.) The moving papers must establish both of these prerequisites. Those submitted herein establish neither. Concur — Kupferman, J. P., Murphy, Capozzoli and Lane, JJ.