■ In the Matter of Ross WILLINK, as Superintendent of Webster Central School District, Respondent, v RICHARD C. HOWARD, as Field Representative, NYSUT, Appellant. (Appeal No. 1.)—Order unanimously reversed,

with costs, and motion denied. Memorandum: Appellant Lohrman, a probationary teacher for the Webster Central School District, initiated grievance procedures on January 28, 1974 pursuant to a collective bargaining contract between the Webster Education Association (WEA), the duly authorized and recognized agent for the Webster teachers, and the Webster School District. She asserted violations of provisions of the contract relating to academic freedom and responsibility and teacher evaluation and criticism. After receiving an adverse determination at Stage I of the grievance procedure she proceeded to Stage II, a review by the Superintendent, respondent herein. Appellant Howard, a representative for New York State United Teachers, Inc. (NYSUT), a statewide teachers' union of which WEA is an affiliate, represented her at the hearing before the Superintendent. On February 27, 1974 the Superintendent denied the grievance in a written decision in which he noted that Howard appeared for appellant Lohrman. Thereafter, on March 7, 1974 the Superintendent was served with a demand for arbitration by the president of the WEA. It was signed by Howard as "Field Representative, NYSUT." The papers stated the nature of the dispute as the unjustified dismissal of appellant teacher. The Superintendent brought a motion in Supreme Court, Monroe County, to stay arbitration pursuant to CPLR 7503 (subd [b]) on the ground that no valid agreement to arbitrate was in existence between NYSUT and the school district. Affidavits by appellant teacher and the president of the WEA were submitted in opposition indicating that appellant Howard was authorized by them to represent appellant teacher for the purpose of handling the arbitration. The application for a stay was granted on April 8, 1974. Subsequently, on April 23, 1974 appellant teacher served a demand for arbitration on the Superintendent which was identical to the previous one except that it was signed "Kathryn Lohrman, Grievant." The Superintendent successfully obtained a stay of this arbitration pursuant to CPLR 7503 (subd [b]) on the ground that the collective bargaining agreement contained a procedural condition that a demand for arbitration be made within five working days of the Superintendent's determination. Where a labor contract contains an arbitration provision, there is a presumption that questions of arbitrability are for the arbitrators. Express language of the parties in the contract itself is necessary to rebut this presumption *(Matter of Howard & Co. v Daley,* 27 NY2d 285, 289–290; *City of Auburn v Nash,* 34 AD2d 345, 348). The Superintendent argues that as far as the appellant teacher's situation is concerned, the contract expressly excludes the question of timeliness in filing an arbitration demand because it provides "The Superintendent shall be the arbiter of the term 'working day' in case questions of interpretation should arise." However, this merely gives the Superintendent the power to define what a working day is; it does not clearly exclude from arbitration the question of whether, under the circumstances herein, appellant teacher failed to timely file her grievance *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.],* 35 NY2d 599). Therefore, the issue of "compliance with step-by-step grievance procedures" was raised, a procedural question which should have properly been left to the arbitrator *(Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 386; see *Wiley & Sons v Livingston,* 376 US 543, 547; *Matter of City of Johnstown [Local 779, Johnstown Fire Fighters Assn.],* 43 AD2d 874, 875). Other matters at issue here were whether appellant Howard properly filed his grievance in behalf of appellant teacher, whether he was the duly authorized agent of appellant teacher, whether the demand for arbitration properly apprised the Superintendent that he was bringing the grievance in his representative capacity,

and finally, if there was error in the form of the demand, whether it was of a mere technical nature and should be disregarded. These are all issues which are arbitrable and, therefore, should also have been left to the arbitrator (see *Wiley & Sons v Livingston*, 376 US 543, *supra; Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Pub. School Teachers Assn.]* 35 NY2d 599, *supra; Matter of Long Is. Lbr. Co. [Martin]*, 15 NY2d 380, *supra).* (Appeal from order of Monroe Special Term staying arbitration.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.