■ BELMONT CENTRAL SCHOOL DISTRICT, Appellant, v BELMONT TEACHERS ASSOCIATION, Respondent.—Order unanimously affirmed, with costs. Memorandum: Plaintiff-appellant Belmont Central School District (School District) appeals from an order which denied appellant's motion for a preliminary injunction against arbitration and which granted defendant-respondent Belmont Teachers Association's (Association) cross motion to compel arbitration. The principal issue involves the interpretation of a collective bargaining agreement between the School District and the Association. Under this agreement the School District recognized the Association "as the exclusive bargaining agent for the unit consisting of full-time teachers and teacher assistants except for the chief executive officer and vice-principal". The agreement specified various employment terms and provided for a four-level grievance procedure, culminating in binding arbitration. It defines an arbitrable grievance as "a complaint by a teacher or group of teachers based upon an alleged violation of or variation from the provisions of this Agreement". The Association submitted a written grievance to the supervisory principal, alleging that the School District had violated the agreement "by denying certain rights and benefits" to Carol Beers and Carol Williams continuously throughout the 1974–1975 school year. The grievance complied with the procedural requirements of article XI (§ 1104, subd [a]) of the agreement and was designated as "Level Two", at which the processing of the grievance shall commence. The supervisory principal denied the grievance, stating that it was untimely filed and that the teachers involved were not in the bargaining unit. The School District commenced the instant action for a temporary restraining order, a preliminary injunction and a permanent injunction to restrain the Association from pursuing the arbitration procedure. It alleges that "involuntary arbitration would unduly prejudice and injure the school district which has 'no adequate remedy at law' ". The Association asserted in its answer that plaintiff has an adequate remedy under CPLR 7502 (subd [a]); that the asserted grievance is presumptively arbitrable; that the procedural issues of arbitrability are for the arbitrator and that individual employment contracts are inferior to the benefits supplied under a collective bargaining agreement. In its refusal to grant any form of injunction Special Term properly held that the threshold question—whether the two teachers aggrieved are regular or substitute teachers and whether they are members of the bargaining unit—required an interpretation of the agreement and, therefore, was arbitrable. We recently restated and summarized the applicable principles of law in *Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn [Auburn Teachers Assn.]* (49 AD2d 35, 38) where we stated: "It is clear that the avowed public policy of this State as expressed by the Legislature in section 200 of the Civil Service Law, commonly known as the Taylor Law, is to encourage voluntary resolution of labor disputes involving public employees through forums such as arbitration *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn],* 35 NY2d 599; *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380; *City of Auburn v Nash,* 34 AD2d 345; *Central School Dist. No. 1 v Litz,* 60 Misc 2d 1009, affd 34 AD2d 1092). Where a collective bargaining agreement contains an arbitration clause, disputes arising thereunder are presumptively arbitrable in the absence of clear contractual language to the contrary *(Matter of Long Is. Lbr. Co. [Martin], supra; Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.,* 41 AD2d 47). This rule applies to

both procedural and substantive matters alike *(Wiley & Sons v Livingston,* 376 US 543; *Matter of Long Is. Lbr. Co. [Martin], supra; Matter of City of Johnstown [Local 779],* 43 AD2d 874; *Central School Dist. No. 1 v Litz, supra).* The very question of whether a particular issue is subject to arbitration is one for the arbitrator to determine *(Steelworkers v Enterprise Corp.,* 363 US 593; *Steelworkers v Warrior & Gulf Co.,* 363 US 574; *Steelworkers v American Mfg. Co.,* 363 US 564; *Matter of Long Is. Lbr. Co. [Martin], supra; City of Auburn v Nash, supra)."* (See, also, *Spencerport Cent. School Dist. v Spencerport Teachers' Assn.* 49 AD2d 1027.) The courts can only stay arbitration in the public employment relations field where the agreement to arbitrate expressly excludes the subject matter contested or where an identifiable public policy prohibits arbitration of the subject matter *(Susquehanna Val. Cent. School Dist. at Conklin v Susquehanna Val. Teachers Assn.,* 46 AD2d 104, 107). CPLR 6301 provides two grounds for granting a preliminary injunction, neither of which is present in the instant case. The appellant has neither alleged nor proved irreparable injury or the threat thereof. Its motion rests solely on the allegation of the school board president that arbitration will be long, costly and that the question "would be determined by a non-lawyer and quite possibly involve judicial review". Such a conclusory allegation is insufficient to support the granting of a temporary injunction *(Niagara Falls Power Co. v White,* 292 NY 472, 481; *Hartford v Resorts Int.* 43 AD2d 828, 829; *Instrument Systems Corp. v LaRosa & Sons,* 31 AD2d 766). Having determined that arbitration is the proper vehicle, the fact that the Association may not have complied with certain procedural requirements, as alleged by the School District, does not bar access to the arbitration forum. These are procedural issues of arbitrability to be decided by the arbitrator, absent express provisions to the contrary in the agreement *(Matter of City School Dist. of City of Poughkeepsie [Poughkeepsie Public School Teachers Assn.],* 35 NY2d 599, 607; *Matter of Willink v Howard,* 49 AD2d 683; *Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn, [Auburn Teachers Assn.],* 49 AD2d 35, 38; *Matter of Guilderland Cent. School Dist. [Guilderland Cent. Teachers Assn],* 45 AD2d 85). Arbitration is properly the next step in the resolution of this controversy and the parties should proceed to it forthwith. (Appeal from order of Erie Supreme Court denying motion to stay arbitration.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.