■ JAMES DE SAPIO, Appellant, v HERMAN S. KOHLMEYER, SR., et al., Respondents.—Judgment of the Supreme Court, New York County, entered September 16, 1975, unanimously affirmed, with $60 costs and disbursements to respondents. In this action for libel brought by appellant, a former employee, against respondents partners in Kohlmeyer & Co. and against Fidelifacts of Greater New York Division of Vincent Gillen, Inc., a corporation conducting personal investigations, the trial court properly dismissed the complaint at the end of plaintiff's case. Respondents had pleaded qualified privilege as an affirmative defense. The trial court correctly determined, as a matter of law, that respondents Kohlmeyer partners

possessed such privilege in making known and transmitting derogatory information concerning plaintiff to another employer. A qualified privilege exists for the purpose of permitting a prior employer to give a prospective employer honest information as to the character of a former employee even though such information may prove ultimately to be inaccurate *(Khuri v Kellogg Co.,* 33 AD2d 736) and the privilege applies as well to an agency hired to investigate a prospective employee's background, as occurred in the case at bar *(Ormsby v Douglass,* 37 NY 477; 35 NY Jur, Libel and Slander, § 93, p 11). The burden of proof to overcome the privilege was upon appellant to establish that the statements were made with actual malice *(Kremer Constr. Co. v Garfinkel,* 31 AD2d 766). The evidence presented by appellant failed, as a matter of law, to raise any issue of fact to submit to the jury in this connection. Concur—Stevens, P. J., Markewich, Birns, Silverman and Nunez, JJ.