■ AURORA BOZICEVICH, Appellant, v AMERICAN AIRLINES, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court, New York County, entered February 28, 1975, which dismissed the complaint at the end of the entire case in this action based on defamation, unanimously dismissed, without costs and without disbursements. By order of this court, entered April 15, 1976, plaintiff was permitted to place this appeal on the calendar upon the limited record in existence, plaintiff agreeing that the appeal could be dismissed if the record was subsequently found to be insufficient. The record is inadequate and does not provide a basis for proper appellate consideration. It was held by the trial court, and apparently conceded by the plaintiff at trial, that the statements which are the subject of this action (statements made at a private hearing conducted to determine whether the charges against plaintiff justified her dismissal) are entitled to a qualified or conditional privilege. Therefore, to render the statements actionable, it was incumbent on plaintiff to prove that they were made with actual malice. The trial being of three weeks' duration and plaintiff urging on appeal that malice could be inferred with consequent recognition that malice may not have been demonstrated as an objective fact, the *full* trial record is necessary to pass on the issue of actual malice. In any event, were we to consider the merits of the appeal on the limited record herein, we would affirm. It is noted that "When defendant's statements are presumptively privileged the rule is that, in order to render them actionable, it is 'incumbent on the plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual ill-will. While there are numerous cases in the books in which it is said that as to privileged communications the good faith of the defendant and the existence of actual malice are questions of fact for the jury, the expression must not be

misunderstood. Those questions are for the jury *only where there is evidence in the case warranting their submission to the jury,* and the burden of proof is on the plaintiff" *(Ashcroft v. Hammond,* 197 N. Y. 488, 495–496; see *Hemmens v. Nelson,* 138 N. Y. 517, 529). Falsity is not sufficient for an *inference* of malice." *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 61; emphasis supplied.) Plaintiff's proof did not rebut the presumption that there was no malice *(see Khuri v Kellogg Co.,* 33 AD2d 736). Concur— Kupferman, J. P., Murphy, Lupiano, Silverman and Lane, JJ.