In the Matter of SOUTH COLONIE CENTRAL SCHOOL DISTRICT, Appellant, v PATRICK LONGO, as President, South Colonie Teachers Association, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 6, 1976 in Albany County, which denied an application by petitioner to stay arbitration. A provisional employee, not a member of the bargaining unit represented by the South Colonie Teachers Association, was discharged because she was absent without permission from her employment for a period of 12 days. It is not disputed that during the same period of time the members of the South Colonie Teachers Association were participating in a strike and the discharged employee's absence was occasioned by reason of the fact that she refused to cross the picket line of the teachers. Based upon the above facts a grievance was filed on behalf of the discharged employee alleging a violation of a "No-Reprisal Clause" of a collective bargaining agreement between the school district and the teachers association. The former refused to take part in the grievance procedure because the employee in question was not included in the teachers' bargaining unit defined in the agreement. The teachers association, therefore, demanded arbitration of the grievance. There is no question but that there is a valid collective bargaining agreement between the parties which contains the following relevant sections: "Article 4—Grievance Procedures * * * A. 1. Definition of 'Grievance'. A 'grievance' is a claim based upon an event or condition which affects the terms and conditions of employment of a teacher or group of teachers and/or the interpretation of meaning of any of the provisions of this Agreement or any subsequent Agreement entered into pursuant to this Agreement. * * * No Reprisal Clause The SCCSD, its agents, representatives, or anyone acting on its behalf, agrees it will not engage in any acts of reprisal against *any one* because of their participation in the job action of September 4, 5, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 1975" (emphasis added). The respondent association does not contend that the petitioner district was required by the Civil Service Law to negotiate collectively with it concerning the employee who has been discharged but rather, that petitioner, in its collective bargaining agreement, voluntarily agreed to arbitrate this matter. Petitioner was free to agree to arbitrate such a matter although it was not mandated to do so by statute *(Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614). The fact that the employee involved is not a member of the bargaining unit is immaterial. Respondent maintains that the "No-Reprisal Clause" provides that petitioner will not engage in any acts of reprisal against "any one" because of their participation in the job action. Given the definition of an arbitrable grievance in the agreement as including "the interpretation or meaning of any of the provisions of this agreement" it is clear that the present controversy revolves around the meaning of the "No-Reprisal Clause". There is a strong public policy in New York which creates a presumption of arbitrability in labor disputes *(Board of Educ. v Bellmore-Merrick United Secondary Teachers,* 39 NY2d 167; *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122; *Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380). Such presumption can only be rebutted by showing the contract contains "unmistakably clear" language demonstrating the parties' intent that the contract issue in dispute be excluded from the arbitration provision of the agreement *(Matter of Long Is. Lbr. Co. [Martin], supra)* or that there is a "plain and clear" prohibition in a

754

statute, controlling decisional law or other source of restrictive public policy *(Matter of Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268). None of these situations are applicable to the instant case. The collective bargaining agreement contains a broad arbitration clause while the "No-Reprisal Clause" is subject to various interpretations. The question of arbitrability in this situation is for the arbitrator to decide *(Matter of Long Is. Lbr. Co. [Martin], supra,* p 387). Order affirmed, without costs. Koreman, P. J., Greenblott and Mahoney, JJ., concur; Sweeney and Larkin, JJ., dissent and vote to reverse in the following memorandum by Larkin, J: We respectfully dissent. The majority decision requires that this provisional clerical employee be covered by the terms of an agreement to which she was not a party and which does not cover her. For her participation in this judicially declared illegal strike, the majority decision provides her with the benefits of a contract which carries with it a "no reprisal" clause. The Civil Service Law (Civil Service Law, § 200 *et seq.),* which prohibits strikes by public employees or employee organizations, nowhere provides or contemplates such immunity. Therefore, there is neither statutory nor contractual protection for this employee. The order should be reversed.