■ CITY OF ROCHESTER, Respondent, v ROBERT E. SCIBERRAS, Appellant. —Order unanimously modified in accordance with memorandum and, as so modified, affirmed, with costs to defendant, Simons, J., not participating. Memorandum: Defendant appeals from an order granting plaintiff's motion for a preliminary injunction and denying his cross motion for dismissal of the complaint. The motion was made upon service of the summons and complaint, and no answer has yet been served. The record consists of the complaint, motion for preliminary injunction and supporting papers and cross motion for dismissal of the complaint and papers in opposition to plaintiff's motion and in support of defendant's cross motion. Defendant conducts a business of cleaning sewers, primarily for private residences. He is a licensed franchised dealer of Roto-Rooter Sewer and Drain Service, a national corporation. His business headquarters are located in the Town of Penfield, Monroe County, New York, and he has been engaged in this business for several years in Monroe County, including the City of Rochester where nearly one half of his business is generated. The City of Rochester instituted this action to enjoin defendant from operating his business within its city limits without first obtaining a plumber's license; and Special Term granted its motion for preliminary injunction pending trial. Upon defendant's application to a Justice of this court for a stay of the order granting preliminary injunction it was shown not only that defendant has been operating his business in the City of Rochester for several years but that there is no evidence that any harm has been caused thereby to any private sewer system or the public sewer system of the city; and so Special Term's order was stayed pending the determination of this appeal. Plaintiff urged at Special Term that because the plumbing code of the city requires that no plumbing be done therein without the actor having a plumber's license, and

section 83-166 of chapter 83 of the code requires a permit and payment of fee therefor in order for anyone to use a rotary cutter in any house sewer lateral, defendant was violating the city ordinance. Defendant responded that by the terms of the city ordinance he was not engaged in "plumbing" in removing roots from sewer laterals; that he had applied for permits to do this work on specific homes, but the issuance of the permits was denied because he does not have a plumber's license; and he alleges that the denial of permits to him because he does not have a plumber's license is illegal and unconstitutional. We recognize the importance to the city of having its ordinances obeyed. On the facts in this case, however, and defendant's assertion of illegality in the administration of the city code and even its unconstitutionality, and the fact that no evidence of immediate injury to the city or its citizens has been offered, we find no justification for the issuance of a preliminary injunction (see *Yome v Gorman,* 242 NY 395; *Edgeworth Food Corp. v Stephenson,* 53 AD2d 588; *Hartford v Resorts Int.,* 43 AD2d 828; *Ultra Fuel Corp. v Johnston,* 30 AD2d 801; *Smith v Robilotto,* 25 AD2d 454; *Eldre Components v Kliman,* 47 Misc 2d 463, 465). (Appeal from order of Monroe Supreme Court—preliminary injunction.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.