■ CITY OF ROCHESTER, Respondent, v ROBERT E. SCIBERRAS, Appellant. —Order unanimously reversed, with costs, and complaint dismissed. Memorandum: The City of Rochester seeks to enjoin defendant from continuing to engage in his sewer and drain cleaning business within its city limits, on the ground that he is not a licensed plumber. We recently reversed an order granting the city a preliminary injunction *(City of Rochester v Sciberras,* 55 AD2d 849) and defendant now appeals from an order granting the city a permanent injunction upon its motion for summary judgment. The question raised is whether the city's Plumbing Code allows only a licensed plumber to apply for a permit for the business use of an electrically operated rotary root-cutting device known as a "Roto-Rooter". Section 83-20 of the Plumbing Code, entitled "Applications for permits" provides in subdivision A that "application shall be made by the registered and licensed master plumber * * * for permission to perform any plumbing or drainage work, alteration or addition to the same of any nature". Section 83-25 defines plumbing as "the practice and materials used in the installation, maintenance, extension or alteration of the * * * sewerage systems". The city relies upon the above sections for its position that since defendant's business involves the maintenance of sewerage systems, it constitutes plumbing and, thus, defendant is required to be a licensed plumber. Subdivision C of section 83-20, however, relates solely and exclusively to rotary root-cutting devices. It mandates that "Written application for use of mechanically operated root-cutting devices shall also be required as prescribed by § 83-166". Notably there is no requirement within subdivision C that the application be made by a licensed plumber. Nor do we find such a requirement contained within section 83-166. That section states that: "Written application shall be made and a permit obtained, for which no fixture fee will be required, before proceeding with the use of any kind or type of so-termed rotary root cutters, operated either by hand, mechanically or electrically, for the removal of stoppages in house laterals, house drains or branches thereof. An inspection by the Inspector shall be made in all cases." In addition to the absence of any requirement in subdivision C of section 83-20 and section 83-166 that rotary root cleaning be performed by a licensed plumber, the fact that these sections were separately enacted to regulate the operation of rotary root cutters is indicative that such work was not intended to be regulated by subdivision A of section 83-20. Further support for the conclusion that the business use of rotary root cutters was envisioned as a separate area of activity is found in subdivision A of section 83-244 which also separately and specifically calls for the inspection of any work done by such devices. The city next argues that since the inspection procedure set forth in subdivision J of section 83-244 calls for the inspector to be notified by the registered plumber, the defendant is therefore ineligible to have his work inspected. Despite the logical contour of this position, it must be rejected. Such a construction would bar an owner-occupant of a single-family dwelling from the performance of any plumbing work, although such activity is expressly authorized (§ 83-2, subd E; § 83-246). Indeed, under the city's view, an owner-occupant would be improperly precluded from using a rotary root-cutting device in his own home (§ 83-2, subd E; § 83-244, subd M; § 83-244, subd A). While the code requires defendant to apply for a permit to use a

rotary root-cutting device, it contains no requirement that he be a licensed plumber in order to make such an application. Accordingly, the complaint is dismissed. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.