■ BOARD OF EDUCATION OF OTEGO-UNADILLA CENTRAL SCHOOL DISTRICT, Respondent, v RICHARD W. SMITH et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 13, 1976 in Otsego County, which granted plaintiff's motion for a preliminary injunction pending the determination of the action for a declaratory judgment, and denied defendants' cross motions. The board of education and defendant Richard W. Smith, a nontenured teacher, were subject to a collective bargaining agreement in effect between the Otego-Unadilla Central School District and the Unatego Teachers Association (Association) which provided for a multistage grievance procedure culminating in the submission of disputes to arbitration. Defendant Smith was notified in March, 1976 that he would not be recommended for tenure and was supplied with a statement of reasons for the decision. A grievance was filed on April 7, 1976 by the chairman of the Unatego Teachers Association Grievance Committee alleging that the district administrator acted to dismiss Smith "without just cause" in violation of article IX (d), article X and other provisions of the collective bargaining agreement. The grievance sought reinstatement, payment of any wages lost, restoration of contractual benefits and "other redress deemed appropriate" by the arbitrator. The grievance was processed through the first four levels of the grievance procedure without resolution favorable to defendant Smith. At that time, the defendant was informed that the board was aware that he had been accepted as a teacher in another school district for the ensuing year, despite his prior denials. At this juncture, the board of education, in an action for declaratory judgment, moved for an injunction *pendente lite* staying the final two stages of the

grievance procedure, which would have ultimately resulted in arbitration. Cross motions were brought to vacate the temporary restraining order and the injunction, and to dismiss the plaintiff's cause of action. Special Term found, in granting injunctive relief to plaintiff, that although the allegedly "aggrieved teacher", Richard W. Smith, did participate in the grievance process through level four, it became obvious and was, in fact, conceded that the Association was pursuing the matter through levels five and six of the grievance procedure. Special Term concluded that the Association was not an "aggrieved teacher" as specifically required by the contract in issue. The court reasoned that "The Association's persisting efforts here, without now observable contractual or procedural warrant, could subvert the conduct of the powers, duties and responsibilities of the Chief Education Officer and the Board of Education". In our view the questions of whether defendant Smith must personally pursue his remedy as an "aggrieved teacher", whether he is interested in pursuing his remedy to the last two stages of the grievance procedure, and whether the Association can continue the grievance on his behalf are matters for the arbitrator *(Matter of South Colonie Cent. School Dist. v Longo,* 55 AD2d 753; *Matter of Willink v Howard,* 49 AD2d 683). Special Term implicitly found that to continue with levels five and six of the arbitration agreement would be an exercise in futility because the teacher was neither dismissed nor disciplined, did not lose any wages or fringe benefits and because the arbitrator cannot under any circumstances grant the teacher tenure *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774). It is also true, however, "that the bargained-for right to supplemental procedural steps preliminary to the Board's final action to grant or to withhold tenure is not to be rendered a nullity because of the Board's right to deny tenure without explanation" *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn., supra).* Such a determination by the Court of Appeals mandates that Richard W. Smith be granted the right to proceed to levels five and six of the grievance procedure, if he should so desire. Accordingly, the injunction precluding defendants from pursuing the final steps of the structured evaluation procedure must be vacated (see *Board of Educ. v Fisher,* 54 AD2d 1003). Order reversed, on the law and the facts, without costs, and upon proper application, parties are directed to proceed to arbitration. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.