OPINION of the court
Edward J. Greenfield, J.
The instant action for libel has its genesis in a dispute between Consolidated Edison Company (Con Ed) and one of its customers arising out of Con Ed’s demand for a deposit in the amount of $2,230. The customer, Bleecker Charles Company (plaintiff), the owner of a 135-unit residential apartment house objected to making the demanded deposit because of its diligent payment of all prior bills. Con Ed, attributing the necessity for the demand to plaintiff’s tardy payment of prior bills, sent plaintiff a letter, dated March 1, 1979, stating that unless payment was received Con Ed would notify the tenants of its intention to discontinue electrical service.
Con Ed’s supervisor of customer service in his affidavit *249 stated that thereafter on March 13, 1979, pursuant to the requirements of section 116 (subd 1, par [c], els [i], [ii]) of the Public Service Law, letters addressed to occupants were “posted” in prominant places in and around the plaintiff’s premises by a Con Ed representative. The plaintiff alleges that it subsequently orally notified Con Ed of its intention to seek a Public Service Commission (PSC) hearing on the claim for the security deposit and that, on March 21, 1979, its attorney wrote the PSC requesting same. The plaintiff further avers that notwithstanding this oral notification, on March 23, 1979, Con Ed mailed copies of the previously “posted” letter to the individual tenants. The plaintiff does not dispute that this mailing was also pursuant to the requirements of section 116 of the Public Service Law, nor that it was not until March 26, 1979 that the PSC acted upon its complaint by notifying Con Ed to take no further action on this account pending its investigation.
It is the content of this letter mailed by Con Ed to plaintiff’s tenants which forms the basis of the instant complaint. The letters, each identical except for the addressee stated, inter alla, that your landlord has not paid the Con Edison utility bills for service to this building.” It then states that “unless payment of $2,230 for utility service plus a deposit of $2,230 is received” service will be turned off affecting only commonly used facilities. While there had been a prior . unpaid billing for the $2,230 deposit, to the extent the letter claimed $2,230 in arrears for utility service, it was untrue.
Plaintiff seeks summary judgment predicated essentially upon the fact that “The letter was sent March 23, 1979 (or posted March 13, 1979) at a time when plaintiffs were not in arrears in payment for utility service.”
The complaint characterizes the content of the letter as libel per se as affecting plaintiff’s profession, trade or business by imputing to plaintiff any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise of such business or trade (Four Star Light. v Merrick, 56 AD2d 767, 768; 34 NY Jur, Libel and Slander, § 36, p 507).
Generally, one who publishes allegedly defamatory state *250 ments concerning another is liable for the publication in the absence of privilege or justification. (Restatement, Torts 2d, § 558, p 155; Prosser, [4th ed], § 114, p 776.) The defendant correctly contends that the letters it posted upon plaintiff’s property and mailed to each of plaintiff’s tenants were pursuant to a statutory duty imposed upon it by section 116 (subd 1, par [c], els [i], [ii]) of the Public Service Law and are therefore entitled to the benefit of a qualified privilege in the publication of this statutory notice.
Once a qualified privilege is properly interposed, it is incumbent upon the plaintiff to establish by evidentiary facts “that the defamatory statements were motivated by either ‘actual malice’ (Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 60, supra), ‘actual ill-will’ (Ashcroft v. Hammond, 197 N. Y. 488, 495, supra) or ‘personal spite * * * or culpable recklessness or negligence’. (Hoeppner v. Dunkirk Print. Co., 254 N. Y. 95, 106; see, also, Fowles v. Bowen, 30 N. Y. 20, 26.)” (Stillman v Ford, 22 NY2d 48, 53; Green v Kinsella, 36 AD2d 677; Khuri v Kellogg Co., 33 AD2d 736; Scheph v New York Times Co., 22 AD2d 641.) To state the proposition another way, a demonstration of malice in fact destroys the qualified privilege (Andrews v Gardiner, 224 NY 440, 446).
The plaintiff has the burden of proof on the issue of malice (Taker v Pollak, 44 NY2d 211; Stillman v Ford, supra; Pecue v West, 233 NY 316, 322; Bozicevich v American Airlines, 54 AD2d 542; Pecue v Collins, 204 App Div 142; 35 NY Jur, Libel and Slander, § 93), and at this stage, the allegation by plaintiff that it orally notified the defendant of its intention to pursue the matter with PSC, coming as it did between the “posting” and the “mailing” of the letters is insufficient, standing alone, to defeat the qualified privilege enjoyed by the publication. Accordingly, plaintiff’s motion for summary judgment is denied.
In view of the foregoing, other issues raised by the defendant are not reached.