■ BOARD OF EDUCATION OF THE CLYMER CENTRAL SCHOOL DISTRICT, Appellant, v T. ELLEN BARGER, Respondent.—Order unanimously affirmed, with costs. Memorandum: Petitioner applied for a stay of arbitration on the sole ground that under the collective bargaining agreement arbitration was not required. The agreement provides for binding arbitration of grievances. The pertinent sections of the agreement are A and G of article 18 respectively providing: "A. A grievance is a claim by the Association or by a faculty member that there has been a violation or misinterpretation of this Agreement * * * G. The decision of the Board shall be final in all matters unless there is a request within 31 days by a majority vote of the faculty, voting by secret ballot, to invoke a binding arbitration settlement. Only grievances concerning interpretation or violation of the contract may be taken to arbitration". A vote was taken, with 22 faculty members favoring arbitration and 21 opposed. At issue is the interpretation of section G, with petitioner conceding that 22 was a majority of the votes cast but contending that 22 was not a majority of the faculty. Special Term held that the majority vote cast was sufficient. We agree with Special Term that no stay should be granted, but we conclude that the interpretation of that section is a matter of procedural arbitrability which should be left to the arbitrator (see Matter of Long Is. Lbr. Co. [Martin], 15 NY2d 380; Belmont Cent. School Dist. v Belmont Teachers Assn., 51 AD2d 653; Matter of Willink v Howard, 49 AD2d 683). (Appeal from order of Chautauqua Supreme Court— arbitration.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.