■ ARTHUR F. SULGER et al., Respondents, v MIHM CORPORATION, Appellant. — In an action, to recover damages for personal injuries and property damage, etc., sustained as a result of a fire aboard the plaintiffs' boat, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Leggett, J.), entered September 9, 1982, as only conditionally granted its motion for summary judgment dismissing the complaint, unless the plaintiffs moved within 60 days after service of a copy said order upon plaintiffs' attorney with notice of entry thereof to vacate an order of preclusion of the same court (Daronco, J.), which had theretofore been entered against them, and were successful in obtaining the vacatur of that order of preclusion and an extension of time within which to serve their bill of particulars. Order reversed insofar as appealed from, on the law, without costs

or disbursements, and motion granted unconditionally. In light of the plaintiffs' unexcused failure to serve a bill of particulars upon the defendant during the more than two and one-half years after the service upon them of a copy of the 20-day conditional order of preclusion of Justice Daronco, entered August 1, 1979, and their further failure to demonstrate the existence of a meritorious cause of action, Special Term erred in conditioning the granting of the defendant's motion for summary judgment on the plaintiffs' failure, *inter alia*, to move to vacate the order of Justice Daronco. Defendant's motion should have been granted unconditionally (see *Barasch v Micucci*, 49 NY2d 594; see, also, *Wolkowicki v Rizzo*, 43 AD2d 838; *Call v Smith*, 34 AD2d 1092; *Sortino v Fisher*, 20 AD2d 25). Lazer, J. P., Gulotta, Weinstein and Rubin, JJ., concur.