Jacob Markowitz, J.
Motion to vacate purported demand for arbitration and staying all proceedings thereunder.
The parties entered into an agreement dated November 18, 1956 covering at least seven different substantive matters and relating mainly to the business and property of petitioner Unipak Aviation Corporation. The agreement also contains an arbitration clause which reads as follows: ‘‘ Any dispute which may arise hereunder and which cannot be resolved by the parties herein or pursuant to the Corporation’s Articles of Incorporation and By-laws, shall be resolved by Arbitration according to the Rules of the American Arbitration Association.”
On November 2, 1959, petitioners received the purported demand for arbitration which contains the following statement of the claim or relief sought: ‘1 Specific performance of the contract dated November 18, 1956 entered into by all parties mentioned in said contract, or in lieu thereof, payment of all damages sustained by the persons or firm aggrieved by such breach, and *1079 for such other and further relief as may be determined, together with all costs and disbursements in this proceeding.”
The purported demand for arbitration is inadequate as petitioners cannot possibly be expected to proceed to arbitration without being apprised of the specific issues to be arbitrated. The demand does not sufficiently inform petitioners of the subject matter in dispute, as it asks for specific performance of the contract without indicating what provisions they are asking to be performed and without specifying either the nature of the alleged breach or the amount sought by reason thereof or whether the dispute is one which is arbitrable under the contract.
The motion to vacate purported demand for arbitration and to stay all proceedings thereunder is granted without prejudice to respondents’ right to serve a proper notice to arbitrate which shall adequately state the specific controversies sought to be arbitrated (Matter of Botway [Modern Silver Linen Supply Co.], N. Y. L. J., June 13,1952, p. 2362, col. 6, Levey, J.; Matter of Pacific Weavers [Local 377 United Service Employees], N. Y. L. J., July 8, 1948, p. 43, col. 4, Walter, J.).
Settle order.