■ JOSEPH A. BEIRNE, Individually and as President of the Communications Workers of America, AFL–CIO et al., Appellants, v. HENRY F. HABEL et al., Respondents, et al., Defendants.— Order, entered on February 14, 1964, unanimously affirmed, without costs. No opinion. Settle order on notice. Order, entered on February 27, 1964 denying a motion to vacate a prior order appointing a receiver, unanimously modified, on the law, on the facts and in the exercise of discretion, without costs, to the extent of terminating the receivership upon plaintiffs-appellants paying to the receiver the sum of $100 and his actual expenses, including the premium upon the bond, if such a premium was paid by the receiver. Special Term was fully justified in appointing the receiver, in view of the parties' suggestion and agreement in open court that such an appointment be made. The litigation, however, was settled and discontinued within a week after the entry of the order of appointment; and it does not appear that the receiver entered into possession of the premises, received any of the funds in dispute or performed any services beyond those possibly involved in qualifying pursuant to the order of appointment. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ In the Matter of the Arbitration between ELECTRONIC & MISSILE FACILITIES, INC., Respondent, and GEORGE CAMPBELL et al., Doing Business as GEORGE CAMPBELL & Co., Appellants.— Order, entered on August 13, 1963, granting petitioner-respondent's motion to compel arbitration and appointing an arbitrator, unanimously reversed, on the law, without costs to any party, and the petition dismissed, with leave to petitioner to amend the petition to set forth a proper dispute and demand under the agreement in question. The executed written agreement providing for arbitration of " Any controversy or claim arising out of or relating to this agreement or the breach thereof " is sufficient to include questions of continued existence of the agreement itself (see 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7501.23, 7503.02). However, the petition does not state the nature of any arbitrable dispute, as distinguished from asserting merely that there is a dispute. This is insufficient (see *Matter of Unipak Aviation Corp.* [*Mantell*], 20 Misc 2d 1078). Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.