In the Matter of the Arbitration between MORRIS LIPSKY et al., Appellants, and FASHION ART CORP., Respondent.— In a proceeding to stay arbitration demanded by the respondent, the petitioners appeal from an "order" (hereafter treated as a judgment) of the Supreme Court, Kings County, entered August 25, 1964, which in effect dismissed the petition. Judgment reversed on the law, without costs, and petitioners granted relief to the following extent: (1) the proceeding as between petitioner Anna Lipsky and the respondent is severed from the proceeding as between petitioner Morris Lipsky and the respondent; (2) in Anna Lipsky's proceeding, the application for a stay of arbitration is granted; and (3) in Morris Lipsky's proceeding the matter is remitted to the court below for further proceedings not inconsistent herewith. No questions of fact have been considered. The notice of intention to arbitrate which was served by the respondent upon the petitioners failed to state any claim against the petitioner Anna Lipsky. Accordingly, there is no reason for her to be a party to the arbitration. With respect to the proceeding on behalf of Morris Lipsky, the record is inconclusive; it may not be determined therefrom whether the dispute in question is arbitrable under the agreement between the parties. Indeed, the contract containing the arbitration clauses is not set forth or described, nor are we informed as to the nature of the business in which the parties were engaged or of the "understanding" respecting insurance involved in the dispute. Under the circumstances, the court below should have required the submission of additional proof and upon such submission, if no triable issues of fact were raised, should have made a summary determination as to whether the dispute between the parties is arbitrable (CPLR 409). If triable issues of fact were raised, they should have been tried forthwith and the court should have made a final determination thereon (CPLR 410). Such procedures may now be adopted on the remission. We do not agree with the court below that the arbitrability of the dispute is an issue to be decided by the arbitrators (CPLR 7501, 7503; *Matter of Carey* v. *Westinghouse Elec. Corp.*, 11 N Y 2d 452, 456; *Matter of Dairymen's League Coop. Assn.* [*Conrad*], 18 A D 2d 321, 325–326; *Matter of Uddo* [*Taormina*], 21 A D 2d 402; *Matter of Empire State Master Hairdressers Assn.* [*Journeymen Barbers*], 18 A D 2d 808; *Matter of Camhi* [*Undergarment, etc., Union*], 13 A D 2d 752). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.