Emilio Nunez, J.
Motion for an order pursuant to CPLR 7503 (subd. [b]) staying arbitration is denied.
Microlab purchased an entire going business from the petitioner (Amphenol). The agreement was entered into on August 18,1964. On September 1,1964 questions arose as to petitioner’s representations as they existed in the contract. During the ensuing year attempts at negotiation were made respecting representation and performance of the contract. Settlement *47 negotiations were terminated on September 21, 1965, and Micro-lab served its demand for arbitration on September 24, 1965.
Petitioner asserts that the respondent cannot seek rescission of the contract for fraud in the inducement and have the matter determined by an arbitration clause within the contract, maintaining that fraud in the inducement of the entire contract goes to validity of the whole contract and must first be determined by a court. The arbitration clause between the parties herein reads as follows: “In the event of any dispute, controversy or misunderstanding arising between the parties hereto which may directly or indirectly concern or involve any of the terms, covenants or conditions hereof or the construction of any of its provisions or the general subject matter thereof, the parties agree to submit.”
The issue of fraudulent inducement of a contract may unquestionably be arbitrated in New York. Its arbitrability is, however, dependent upon the scope of the arbitration agreement. The single most significant ease against the proposition that fraud in the inducement is arbitrable is Matter of Wrap-Vertiser Corp. (Plotnick) (3 N Y 2d 17). In that case the court held that the arbitration clause was so narrow in scope that the question of fraudulent inducement did not come within its purview.
It is the court’s opinion that the arbitration clause herein is sufficiently broad so as to indicate that it was the intention of the parties to include questions of fraud and rescission as those arbitrable. (See Matter of Fabrex Corp. [Winard Sales Co.], 23 Misc 2d 26.)
Petitioner’s further assertion of “laches” as justification for staying arbitration is without merit.