■ VIOLA NICHOLSON, Respondent, v. JAMES HENDERSON, Defendant, and PONCE D. HARRIS et al., Appellants.— Order entered on or about December 6, 1967, unanimously reversed, on the facts and the law, and protective order granted; order entered January 25, 1968, unanimously reversed, on the law, and motion denied, both with one bill of $30 costs and disbursements to appellants. The earlier order denied defendants' motion for a protective order vacating plaintiff's notice for discovery and inspection. The second order implemented the first by conditionally striking defendants' answer in the event the first order was not complied with. While defendants' papers are not as clear as they might be, it does appear that the material sought to be discovered was prepared for and delivered to the attorneys for defendants' insurer. As such, the material comes within that prohibited under *Kandel* v. *Tocher* (22 A D 2d 513) rather than that allowed in *Bloom* v. *New York City Tr. Auth.* (20 A D 2d 687). Concur — Steuer, J. P., Tilzer, McGivern, Rabin and McNally, JJ.

■ In the Matter of the Arbitration between NAGER ELECTRIC CO., INC., Appellant, and WEISMAN CONSTRUCTION CORP., Respondent.— Order entered November 7, 1966 unanimously modified, on the law, to the extent of granting petitioner-appellant's motion staying arbitration as to item "f" of the demand. As so modified, the order is otherwise affirmed, without costs or disbursements. While the court will not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute (CPLR 7501), it does not follow that because the case is in court that there is in fact a dispute. (*But see* 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7501.20.) The instant demand seeks arbitration, in subdivision "f", of "All other disputes, if any, which remain unresolved among the parties". An arbitration tribunal may not award relief based upon any such catchall demand. The demand must state the specific nature of the *existing* controversy to be arbitrated. Concur — Steuer, J. P., Tilzer, McGivern, Rabin and McNally, JJ.

■ DOROTHY PARIS, as Administratrix of the Estate of JOHN H. PARIS, JR., Deceased, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Order, entered on July 17, 1967, denying defendant's motion to dismiss the two causes of action contained in the complaint for failure to state a cause of action, unanimously affirmed, without costs or disbursements, and without prejudice to the determintaion by the trial court of the applicable law, depending on the facts as they are developed at the trial. The law questions raised cannot be resolved on the papers presented. A trial should be held in order to afford an opportunity to the parties to present all facts relevant to the determination of the questions. Concur — Capozzoli, Tilzer, McGivern and Rabin, JJ.; Eager, J. P., concurs in the following memorandum: I concur fully with the foregoing disposition. The defendant has failed to plead and, in support of its motion, has failed to set forth the pertinent facts supporting its claim that the law of the State of Massachusetts should be applied to defeat plaintiff's alleged causes of action. The court should apply the law of the jurisdiction "having 'the most significant relationship' with the issue presented" (*Farber* v. *Smolack*, 20 N Y 2d 198, 204; *Long* v. *Pan Amer. World Airways*, 16 N Y 2d 337, 343), including the issues as to the alleged negligence of and breach of warranty by the defendant. The record, however, is devoid of a showing of the necessary details bearing upon such issues. [54 Misc 2d 310.]