In the Matter of the Arbitration between DAVID STEINBERG, Respondent, and ARTHUR STEINBERG et al., Appellants.

In the Matter of the Arbitration between BRUCE STEINBERG et al., Respondents, and ARTHUR STEINBERG et al., Appellants.

First Department, December 23, 1971.

*Morton Kimmelman* of counsel (*Kimmelman, Sexter & Sobel,* attorneys), for appellants.

*David J. Stern* of counsel (*Stephen Rackow Kaye* and *Martin H. Redish* with him on the brief; *Proskauer Rose Goetz & Mendelsohn,* attorneys), for David Steinberg, respondent.

*George C. Baron* of counsel (*Booth & Baron,* attorneys), for Bruce Steinberg and another, respondents.

EAGER, J. The appellants seek arbitration with their other partners of controversies involving limited partnerships to which they are parties, and for recovery of damages for breaches

of certain partnership agreements. Here, however, the demand for arbitration as served by the appellants fails to specify the claimed arbitrable disputes with reasonable certainty and also embraces nonarbitrable matters.

The demand for arbitration states that the appellants seek "a determination of the value of the partnership interests" of the respondents in the several partnerships and a direction that, on payment of the values fixed, "they be required and directed to dispose of and transfer their partnership interests" to certain appellants; and, in the papers submitted to the court, it is stated that dissolutions of the partnerships are sought. The grounds asserted for a dissolution of the partnerships are not set forth and such breaches of the partnership agreements as are specifically enumerated as a basis for appellants' alleged claim for damages, later set forth in the demand, involve nonarbitrable matters.

Certainly, if breaches of a partnership agreement or misconduct and wrongdoing in partnership affairs are submitted for determination by an arbitrator and are within the scope of the arbitration clause contained in the agreement, then the arbitrator, in a settlement of the partnership disputes, would generally have the power to direct dissolution and fix the terms thereof. (Cf. *Matter of Moskowitz* v. *Surrey Sleep Prods.*, 30 A D 2d 820.) Particularly, this is so where, as here, the parties have agreed to conduct the arbitration under the rules of the American Arbitration Association which provide, *inter alia*, that the arbitrator in his award "may grant any remedy or relief which he deems just and equitable and within the scope of the agreement of the parties." (*Matter of De Laurentiis [Cinematografica]*, 9 N Y 2d 503, 510). The respondents rely on *Matter of Bercu (Levinson)* (270 App. Div. 537, affd. 296 N. Y. 866) for a general holding that the partnership dissolution is not a proper subject for arbitration; but we conclude that this decision is no longer to be followed literally since it predates the abolition of the *Cutler-Hammer* doctrine (see CPLR 7501; *Matter of Wilaka Constr. Co.*, 17 N Y 2d 195, 204).

In addition to the demand for an appraisal and sale of the partnership interests of the respondents, the demand states that damages are claimed for respondents' alleged breaches of the partnership agreements. However, such specification of damages as is set forth mentions only those damages claimed to have been occasioned by reason of the alleged wrongful and bad faith bringing of a prior arbitration proceeding, including also damages claimed to have been sustained by certain appellants

for alleged injury to their personal and business reputations as a result thereof. Clearly, however, the items are presented and framed for the purpose of recovery for alleged torts of one of the respondents in connection with the maintenance of the prior arbitration proceeding. We agree, however, with Special Term that the claims for such damages are not arbitrable. (Cf. *Bravo Knits* v. *De Young,* 35 A D 2d 932; *Matter of Amphenol Corp. [Microlab],* 49 Misc 2d 46, affd. 25 A D 2d 497.) The tortious use of the arbitral process or other tort committed in connection with the maintenance of the prior arbitration proceeding is not embraced within the proper intendment of the arbitration clauses. An award by an arbitrator of damages on such a claim would be in excess of his powers. (See, e.g., *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 N Y 2d 451.) Actually, the use of an arbitration proceeding to challenge the bringing of a prior arbitration proceeding is incompatible with the purpose of an arbitration clause and would undermine the effectiveness of this valuable remedy. Thus, in the absence of language expressly embracing a claim for damages for the wrongful bringing of an arbitration proceeding thereunder, an arbitration clause should not be construed to cover such a claim. Furthermore, the arbitrator in the prior proceeding, upon a proper submission, expressly found that the proceeding was not brought in bad faith and without reasonable cause, and a subsequent arbitration proceeding should not be allowed to challenge or review such finding.

Rather than attempting to reframe the demand by drastic modification thereof, it is preferable that appellants be given the opportunity to serve a new demand with the right to the respondents to properly proceed thereon. (See *Matter of Newmeyer [Bill Chan's Inc.],* 23 A D 2d 836; *Matter of Electronic & Missile Facilities [Campbell],* 20 A D 2d 891; *Matter of Unipak Aviation Corp. [Mantell],* 20 Misc 2d 1078.) In the interest of justice, such demand should specify the alleged breaches of the partnership agreements relied upon for relief and if the matter requires further specification, the same may receive the consideration of the arbitrator.

Judgments of the Supreme Court, New York County, entered June 17, 1971, staying arbitration, should be modified, on the law, without costs and disbursements, to provide that the respondents-appellants may serve a new demand for arbitration in conformity with the views expressed in this opinion.

CAPOZZOLI, J. P., McGIVERN, MURPHY and STEUER, JJ., concur.

Judgments, Supreme Court, New York County entered on June 17, 1971, staying arbitration, unanimously modified, on the law, without costs and without disbursements, to provide that the respondents-appellants may serve a new demand for arbitration in conformity with the views expressed in the opinion of this court filed herein, and as so modified, affirmed.