### (December 3, 1974)

■ The People of the State of New York, Respondent, v. Jerry Gomberg, Appellant.— Judgment, Supreme Court, New York County, rendered on April 19, 1974, unanimously affirmed. The case is remitted to the Supreme Court, New York County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed. (CPL 460.50, subd. 5.) No opinion. Concur — Nunez, J. P., Kupferman, Lupiano and Steuer, JJ.

■ The People of the State of New York, Respondent, v. George Kaplan, Appellant.— Judgment, Supreme Court, New York County, rendered on April 19, 1974, unanimously affirmed. The case is remitted to the Supreme Court, New York County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed. (CPL 460.50, subd. 5.) No opinion. Concur — Nunez, J. P., Kupferman, Lupiano and Steuer, JJ.

■ The People of the State of New York, Respondent, v. Robert L. Porter, Appellant.— Judgment, Supreme Court, Bronx County, rendered on January 3, 1973, unanimously reversed, on consent of the People and on the law, insofar as it imposes sentence, the sentence vacated and the matter remanded for resentencing only, "based upon an up-to-date probation report" (see People v. Rivera, 44 A D 2d 551), and otherwise affirmed. No opinion. Concur — Markewich, J. P., Murphy, Lupiano and Steuer, JJ.

■ In the Matter of Charles Schlaifer et al., Appellants, v. Samuel Kaiser, Respondent.— Judgment, Supreme Court, New York County, entered July 16, 1974, dismissing the petition and denying a stay of arbitration, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the matter remanded for a preliminary hearing to determine if the proceeding is time-barred. The respondent, Samuel Kaiser (Kaiser), had entered into an employment contract with petitioner, Charles Schlaifer & Co., Inc., (Schlaifer), in 1964, which agreement was allegedly extended from time to time until respondent resigned in February, 1974. Kaiser also had entered into a stockholder's agreement on March 31, 1964 which, by its terms, was to terminate two years thereafter. Disputes relating to the agreements were to be determined by arbitration. Schlaifer's claim is that since the cause of action of Kaiser accrued no later than April 1, 1966, it is now time-barred. Kaiser, however, takes the position that the stockholder's agreement was repeatedly renewed until the time of his resignation and therefore the claim is still viable. CPLR 7503 (subd. [b]) and CPLR 7502 (subd. [b]) mandate that the initial determination as to whether a claim is time-barred is for the court (Matter of Andresen & Co. v. Shepard, 45 A D 2d 578), and we have accordingly directed that a hearing be conducted to determine that threshold question. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Lane, JJ.

■ Robert Muh, Respondent, v. Paul D. Risher, Appellant, et al., Defendant.— Order and judgment (two papers), Supreme Court, New York County, entered April 30, 1974 and May 6, 1974, respectively, granting plaintiff summary judgment in lieu of complaint, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Appeal from order, Supreme Court, New York County, entered June 13, 1974, denying defendant's motion for reargument, unanimously dismissed as nonappealable, without costs and without disbursements (Sklan v. Sklan, 29 A D 2d 526).