■ WARREN HELDMAN, Doing Business as HELDMAN CATERING Co., Respondent, v CHARLES DOUGLAS et al., Appellants.—In an action, *inter alia,* to enjoin defendants from competing with plaintiff, in breach of the terms of

certain agreements, defendants appeal from an order of the Supreme Court, Queens County, dated September 16, 1974, which denied their motion to stay arbitration demanded by plaintiff as to matter in a counterclaim. Order reversed, on the law and the facts, and defendants' motion to stay arbitration granted, with $20 costs and disbursements. Under all of the facts and circumstances herein, plaintiff has not demonstrated that he desires to arbitrate a specific *existing* and arbitrable controversy (see *Matter of Nager Elec. Co. [Weisman Constr. Corp.],* 29 AD2d 939). In his notices of intention to arbitrate, both dated March 26, 1974, plaintiff defined the dispute in the form of a question as to whether or not defendants had breached their agreements on April 25, 1969. However, not once in the five years since the breach allegedly occurred has plaintiff ever made such a claim. Rather, he commenced an action in May, 1969 for a permanent injunction to enforce the agreements' covenants not to compete. The commencement of suit did not constitute a waiver of plaintiff's right to arbitrate any other existing dispute under the agreements, for enforcement of the negative covenants was specifically excluded from the arbitration provision. However, plaintiff's cause of action clearly negated any claim of breach of the agreements by defendants, for it alleged that defendants had exercised their option to terminate the agreements, which, by their provisions, was proper, but had then breached the concomitant covenant not to compete with plaintiff for six months after termination of the agreements. Subsequently, plaintiff did seek arbitration of a counterclaim of defendants. However, that counterclaim has since been discontinued with prejudice. Prior litigation with respect to arbitration of the counterclaim established only that plaintiff had a right to arbitrate a portion thereof. Although plaintiff's present claim may not be time-barred, his failure to assert it for five years while, at the same time, seeking relief in the courts on a theory inconsistent with that claim, leads to the conclusion that he has waived or abandoned any right to arbitrate the claim, even assuming, *arguendo,* that the claim is not patently groundless or really based upon the nonarbitrable alleged breach of covenant. We view the parties' footdragging in this litigation with disfavor and suggest that they now conclude their controversy as quickly as possible. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.