Chief Judge Breitel.
Petitioners are 22 active members of the Paid Fire Department of the City of Long Beach. They brought this article 78 (CPLR) proceeding seeking review of the dismissal of 13 other paid firefighters and reinstatement of the dismissed firefighters. Supreme Court dismissed the petition and the Appellate Division affirmed. Petitioners appeal.
Petitioners contend that the dismissal of the 13 paid firefighters constituted a breach of the "job security” provisions in the collective agreement between the city and firefighters’ union, and that the breach imperils the safety and lives of those continuing to perform firefighting duties in the city.
The job security provisions in pertinent part read: "All tours shall consist of a minimum of six (6) Fire Fighters (one Officer and five Fire Fighters). * * * It is agreed by and between the parties that the best interests of public safety as regards fire protection with a minimum complement of thirty-four (34) active Fire Fighters, shall be acceptable for the term of this agreement. * * * Notwithstanding any provision herein, it is agreed that upon a re-evaluation as to minimum complement, that in no event shall the presently agreed upon minimum be readjusted downward. The specific intent of this provision is to assure public safety standards as well as minimum job protection for the Fire Fighters.”
The collective agreement was to extend for a term of three years and seven months. There was no provision for arbitration in the event of grievance or dispute.
*267 While "job security” is not a term or condition of employment subject to mandatory bargaining under the Taylor Law (Civil Service Law, § 204, subd 2), "job security” for a reasonable period of time is a permissible subject for a public employer to negotiate, and to agree upon in a collective agreement. This is because there is no statute or controlling decisional law, or restrictive public policy prohibiting an employer from voluntarily agreeing to such a provision. (See Matter of Board of Educ. v Yonkers Federation of Teachers, 40 NY2d 268, decided herewith; Matter of Susquehanna Val. School Dist. at Conklin [Susquehanna Val. Teachers’ Assn.], 37 NY2d 614, 616-618.)
As noted above, the "job security” clause was explicit and provided that "in no event shall the presently agreed upon minimum be readjusted downward.” The agreement extended for a reasonable period of time, three years and seven months, and was not negotiated in a period of a legislatively declared financial emergency between parties of unequal bargaining power. Thus, the job security provision violates no public policy and the city was, therefore, free to agree to it in the collective agreement.
In contrast to the collective agreement in Matter of Board of Educ. v Yonkers Federation of Teachers (supra), in this there was no arbitration provision. In their petition, petitioners, the remaining firefighters, seek only an "injunction” reinstating their dismissed brethren, in effect, specific performance of the job security provisions.
The equitable remedy of specific performance is available in the court’s discretion generally when the remedy at law, damages, would be inadequate (see Wirth & Hamid Fair Booking v Wirth, 265 NY 214, 222; Restatement, Contracts, §§ 358, 359). In this case, in the throes of a grave financial crisis, the city should not, as a matter of equity, be compelled to reinstate the dismissed firefighters.
As for the dismissed firefighters they may be entitled to bring their own action for breach of the collective agreement. In that event, it may be that the remedy should be limited to that at law, namely, damages, subject to mitigation. But none of these issues are now before the court and none therefore may be passed upon.
Insofar as petitioners, the presently serving firefighters, are concerned, they have no standing to seek damages for the *268 dismissal of their brethren. However, as the Appellate Division noted, petitioners may seek negotiation with the city concerning the impact of the city’s actions and also concerning the number of firefighters to be assigned to each piece of equipment.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.