BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF TOWNS OF NIAGARA, WHEATFIELD, LEWISTON AND CAMBRIA, Appellant, v NIAGARA WHEATFIELD TEACHERS ASSOCIATION et al., Respondents.

Fourth Department, November 12, 1976

*Richard C. Doherty* for appellant.

*Bernard F. Ashe (Emanuel Tabachnick* of counsel), for respondents.

SIMONS, J. On July 11, 1974 appellant's annual school budget for the year 1974-1975 was defeated by the electorate. Appellant directed its superintendent to revise the budget for resubmission to the voters and in doing so to abolish one nurse-teacher position (along with other economies). The revised budget was submitted to the voters and adopted. The abolished position was that held by respondent Bauman, the nurse-teacher in the district with the least seniority. The saving from abolishing this position was expected to be $12,-000. The adopted budget, however, included three new positions of Health Office Assistant performing similar duties at a cost which was later determined to be $11,000.

Respondents, contending that Mrs. Bauman was dismissed from her position "without just cause" contrary to the terms of the contract between the parties, filed a grievance which proceeded to arbitration. The arbitrator found for respondents, holding that although the school board had acted in good faith, it had failed to establish "any legitimate business reason for abolishing the * * * position." He ordered Mrs. Bauman

reinstated with back pay. Special Term denied the board's motion to vacate the award as one in excess of the arbitrator's power (CPLR 7511) and granted respondents' cross motion to confirm the award (CPLR 7510).

The issue is whether a school board, having agreed by contract that no teacher shall be dismissed without just cause, may be compelled under that contract provision to arbitrate the dismissal of a teacher whose job has been abolished. The simple answer insofar as this case is concerned is that the school board consented to do so by agreeing to the submission and participating in the arbitration. But those actions notwithstanding, the dispute was properly one for arbitration under the facts of this case and the arbitrator did not exceed his powers.

Pursuant to statute (Civil Service Law, § 200 *et seq.*), a public employer must bargain concerning the terms and conditions of employment and although job security is not such a term or condition of employment, a public employer may voluntarily contract with respect to such guarantees and the arbitration of prospective disputes which may arise from them *(Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Federation of Teachers*, 40 NY2d 268). Be that as it may, it is clear that the parties did not agree on job security protection in this contract and did not agree to invest an arbitrator with a general power to review dismissals resulting from the abolition of positions.[1] That being so, the school board was free to abolish Mrs. Bauman's position (subject only to protection of her rights under sections 2510 and 2585 of the Education Law), provided the board's action was done for the purpose of managing its affairs efficiently and economically *(Matter of Young v Board of Educ. of Cent. School Dist. No. 6*, 35 NY2d 31). However, a board of education may not abolish a position as a subterfuge for ridding itself of unwanted tenured teachers when in fact no economy or increased efficiency is realized. In this case one might legitimately question the board's dismissal of Mrs. Bauman because the subsequent

---

1. For examples of "job security clauses" see *Matter of Board of Educ. v Yonkers Federation of Teachers (supra); Matter of Burke v Bowen* (40 NY2d 264); and cf. *Yonkers School Crossing Guard Union of Westchester v City of Yonkers* (39 NY2d 964) in which the Court of Appeals held that the parties had not agreed to a job security clause by including in a contract a provision that "Present members may be removed for cause but will not be removed as the result of Post elimination", language more favorable to the position of the Teachers Association than any found in the subject contract.

hiring of licensed practical nurses as Health Office Assistants to perform similar duties substantially reduced the savings to be anticipated from the board's action. While the mere fact that a job has been abolished does not present an arbitrable dispute, when it appears that a board of education has nullified or substantially nullified the economy or efficiency claimed to result from the job abolition by reassignment of the same or similar duties to others, an arbitrable question is presented as to whether the position was in fact abolished or whether the person occupying such abolished position was dismissed without just cause. That was the situation in this case and the matter was properly referred to arbitration.

A further question is presented because the arbitrator erroneously required the school board to prove that it had a legitimate business purpose for abolishing Mrs. Bauman's job. The obvious "legitimate business purpose" for the board's action was the dollar savings recognized from reorganizing the district's health services. This saving, even though not as great as anticipated, may have justified the board's action so long as it acted in good faith and the arbitrator found that the board did act in good faith. A court, however, may not set aside an arbitrator's decision merely because it may disagree with the merits or appropriateness of the arbitrator's findings and award (see CPLR 7511; *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3,* 33 NY2d 229; *Matter of Board of Educ., Cent. School Dist. v Harrison Assn. of Teachers,* 46 AD2d 674). Since the arbitrator neither exceeded the scope of the matter submitted to him, nor gave the collective bargaining agreement a completely irrational construction, the order of Special Term should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and GOLDMAN, JJ., concur.

Order unanimously affirmed, without costs.