■ BOARD OF EDUCATION OF NEWFANE CENTRAL SCHOOL DISTRICT No. 1 OF TOWNS OF NEWFANE, LOCKPORT, CAMBRIA AND WILSON, Respondent, v NEWFANE TEACHERS ASSOCIATION et al., Appellants (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: The teachers association appeals from orders which granted the school board's motion for a stay of arbitration and vacated the association's notice of intention to arbitrate on the ground that it was inadequate. The order granted leave to serve a further notice. The association also appeals from a later order which denied the association's subsequent motion to compel arbitration and vacated its second notice of intention to arbitrate as similarly inadequate. The litigation apparently arises out of the termination of 12 or 13 teachers' positions in the plaintiff school system. The teachers involved pursued grievances unsuccessfully and appellants sought arbitration on their behalf. The notice of intention requested arbitration between appellants and respondent on various sections in the contract, e.g., the dispute between the parties as to "(1) page 29, article 27, section C, item 1." The notice contained five other contract references without any further particularization of the disputes. The second notice of intention, served after the order granting the board's motion to vacate, did no more than restate the same contract sections in a different format with each citation preceded by a name, presumably that of the affected employee. Special Term once again vacated the notice and denied the association's motion to compel arbitration. The association, pointing to familiar rules governing the narrow scope of the court's authority in arbitration cases, contends that on a motion to compel or stay arbitration the court may only consider the three "threshold" questions (see CPLR 7503; *Central School Dist. No. 1 v Litz*, 60 Misc 2d 1009, affd 34 AD2d 1092). Since there was a contract between the parties calling for arbitration

of disputes and the board does not raise an issue on the period of limitation, appellants assert that the matter is one that is arbitrable under the terms of the contract. The argument skips a beat, however, for the appellants have not yet submitted to the court a notice upon which the court may determine whether there is an issue in dispute referable to arbitration under the contract (CPLR 7503; see *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer.*, 37 NY2d 91, 95–96). The notice to arbitrate and the method of service of the notice is provided in the statute (CPLR 7503, subd [c]) but the statute is silent on the particularity with which the notice should describe the dispute. It seems obvious that at the very least the statement should be sufficient to enable the court to rule intelligently on the issue of arbitrability and the decisions hold that a notice of intention should state with reasonable certainty the specific nature of an existing controversy to be arbitrated *(Matter of Nager Elec. Co. v Weisman Constr. Co.*, 29 AD2d 939; *Matter of Lipsky v Fashion Art Corp.*, 23 AD2d 775; *Matter of Electronic & Missile Facilities [Campell]*, 20 AD2d 891) and should not include a demand to arbitrate nonarbitrable matters *(Matter of Steinberg [Steinberg]*, 38 AD2d 57, 59). That is precisely the problem in this case. The board suspects, and the association denies, that the matter in dispute involves a reduction in force by the board and a claim of job security rights by the association, matters on which the parties have not bargained and which are, therefore, not subject to arbitration (see *Matter of Board of Educ. v Yonkers Federation of Teachers*, 40 NY2d 268; *Matter of Burke v Bowen*, 40 NY2d 264; *Yonkers School Crossing Guard Union v City of Yonkers*, 39 NY2d 964; see, also, *Board of Educ. v Niagara Wheatfield Teachers Assn.*, 54 AD2d 281). Until an adequate notice is served, the issue of arbitrability cannot be resolved. The orders are affirmed with leave to serve an appropriate notice of intention to arbitrate. (Appeal from order of Niagara Supreme Court— stay arbitration.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.