Arnold L. Fein, J.
This is an application for a judgment staying arbitration pursuant to agreements between respondent as buyer and petitioner as seller of textile goods. Petitioner contends that arbitration is barred by the clear limitation provision contained in each contract. Respondent claims that the contractual provision could not have been intended to apply to claims which accrued some time after delivery of the goods and that, in any event, determination as to whether arbitration is barred because not demanded within the period of time as set forth in the agreement is a matter for the arbitrator, not the court, upon motion to stay arbitration.
The agreements between the parties provide for a broad arbitration clause: "17. arbitration: Any controversy arising out of or relating to this contract shall be settled by arbitration in the City of New York”.
The agreements further provide as follows: "16. limitation of right to arbitrate or consolidate: Any claim by Buyer of any kind, nature or description is barred and waived unless Buyer institutes arbitration proceedings within one (1) year after yarn was delivered or contracted to have been delivered. The failure to institute arbitration proceedings within this period shall constitute an absolute bar to the institution of any arbitration or other proceedings by Buyer and a waiver of all claims on Buyer’s part.”
It is undisputed that the one-year provision contained in paragraph 16 of the agreement was not complied with. The agreements were all entered into in 1973 and all of the yarn covered thereby was delivered to respondent during that year. Accordingly, petitioner claims that the arbitration is barred as late, since the demand therefor was served in September, 1976. Respondent, on the other hand, states that the present dispute between the parties concerns yarn purchased by respondent to be used in the manufacture of carpets. It is alleged that after the carpets were manufactured and sold to respondent’s customers, latent defects appeared in the yarn. Thereafter, claims were made against respondent to the extent of approximately $55,000. Respondent suggests that the limitation in the agreement as to arbitration of all disputes cannot apply to bar claims for latent defects which were discovered well after delivery of the yarn. Respondent further contends that whether or not the demand for arbitration is barred is a matter for the arbitrator.
It is now well established that whether or not a claim
*1044 sought to be arbitrated is barred by Statute of Limitations is a matter for the court to determine in accordance with CPLR 7502 (subd [b]) and 7503 (subd [b]). (Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669; Matter of Andresen & Co. v Shepard, 45 AD2d 578; Matter of Schlaifer v Kaiser, 46 AD2d 850.) The cited cases, however, are neither dispositive nor controlling. There, the issue was whether the claim sought to be arbitrated would have been barred by applicable Statute of Limitations if the claim had been asserted in a court within the State. Such issue as to whether the claim is barred by applicable statutory provision is specifically a matter for the court upon motion to stay arbitration (CPLR 7502, subd [b]; 7503, subd [b]). Here, however, the time limitation arises from the agreement between the parties, rather than as a result of statutory provision. Under such circumstances, it has been held that the issue raised is one of procedural arbitrability, to be resolved by the arbitrator, not the court as a threshold issue under CPLR 7503. (Matter of City School Dist. [Poughkeepsie Public School Teachers Assn.] 35 NY2d 599, 607; Matter of Raisler Corp. [New York City Housing Auth.] 32 NY2d 274, 282; Matter of Raphael [Silberberg], 274 App Div 625; Matter of Tuttman [Kattan, Talamus Export Corp.] 274 App Div 395; 22 Carmody-Wait 2d, NY Prac, § 141:67; 26 ALR3d 604, 617.)
Those and other cases hold that a contractual time limitation to demand arbitration or to assert a claim after delivery or receipt of the goods, or a provision that no claim may be made after the goods have been cut, does not constitute a Statute of Limitations for the institution of arbitration proceedings. In the face of a broad arbitration clause, it is a matter for the arbitrator to determine whether a claim made after lapse of the time period set forth in the contract should be allowed (Matter of Tuttman [Kattan, Talamus Export Corp.] supra). There is clearly a difference between a time limitation agreed to by the parties and a statutory provision. The Court of Appeals observed in this connection in Matter of City School Dist. (Poughkeepsie Public School Teachers Assn.) (supra, p 607): "As the limitation of time arises from agreement of the parties rather than in consequence of statutory provision, there is posed an issue of procedural arbitrability for resolution by the arbitrator rather than a section 7503 threshold question for decision by the court”.
Whether or not there has been sufficient compliance with *1045 the contractual time limitation, and whether or not the time limit is to be applied at all, are matters for the arbitrator. Upon application to stay arbitration, the court’s function is to "perform the initial screening process designed to determine in general terms whether the parties have agreed that the subject matter under dispute should be submitted to arbitration.” (Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amen, 37 NY2d 91, 96.) Where there is a broad arbitration clause, all questions relating to subsequent acts of the parties raising issues of fact or law are properly matters for the arbitrator (see Matter of Riccardi [Modern Silver Linen Supply Co.], 45 AD2d 191, affd 36 NY2d 945; Matter of Lipman, 289 NY 76; Matter of Popular Pub. [McCall Corp.] 36 AD2d 927; Matter of Electronic & Missile Facilities [Campbell] 20 AD2d 891; Matter of Exercycle Corp. [Marattal] 9 NY2d 329; Matter of Stein-Tex [Ide Mfg. Co.] 9 AD2d 288; Matter of Westvale Enterprises [Falcon Fabrics] NYU, Nov. 4, 1976, p 4, col 1).
Petitioner’s reliance upon Matter of Blends (Schottland Mills) (35 AD2d 377, affd 29 NY2d 575), is misplaced. The situation in the case at bar is not the same as that in Blends. There (p 378), the parties by contract agreed that any action of any kind must be commenced " 'within one (1) year from the date the right, claim, demand or cause of action shall first occur.’ ” Such a clause was held to be valid and binding on the parties in accordance with subdivision (1) of section 2-725 of the Uniform Commercial Code, which provides as follows: "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.” Here, however, the contractual provision requires that a claim be asserted within one year after the yarn was delivered or was contracted to be delivered. In the case of a warranty as to future performance, this time period could conceivably expire before the cause of action had accrued. Such a provision, therefore, under certain circúmstances, could afford less time than authorized or permitted by the statute (Uniform Commercial Code, § 2-725, subd [1]).
Accordingly, for the foregoing reasons, the application to *1046 stay arbitration is denied and the petition is dismissed. The parties are directed to proceed to arbitration.
Settle judgment.