■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Appellant, v PARAGON RESOURCES, INC., Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to respondent.—Memorandum: Appellant National Fuel Gas agreed to buy natural gas from respondent Paragon Resources under a contract containing a "take-or-pay" provision. The provision requires that appellant must pay for all gas made available by respondent each month, whether or not used by it. Gas that is paid for but not taken, may be taken later at no further charge. In November, 1977 the parties amended the contract to provide a method for determining the amount of gas made available but not used (delivery capacity). Delivery capacity was to be calculated by the "back pressure test method". The 1977 amendment also included an arbitration clause for the settlement of disputes involving delivery capacity. In January a dispute arose between the parties over the sums due under this provision of the contract and Paragon demanded arbitration. The parties conducted preliminary talks for 30 days but were unable to agree on the calculation and on February 17, 1978 Paragon served a second notice of arbitration by certified mail, return receipt requested. Appellant commenced this proceeding to stay arbitration and Paragon cross-moved to compel arbitration to calculate the amounts due under the "take-or-pay" provision for the months of November and December, 1977 and January, 1978. Appellant contends that the arbitration notice served by respondent did not describe the dispute to be arbitrated with sufficient particularity and was therefore invalid. The arbitration clause provided: "In the event any dispute arises between the parties with respect to delivery capacity or the volumes of gas which were available to Buyer but not taken, or with respect to any calculation, item of data, tests, reports or decisions required in connection with the production test procedures, etc.". The notice demanded arbitration of the dispute substantially in the words of the contract. The courts have held arbitration notices invalid for failure to state the dispute with sufficient particularity "to enable the court to rule intelligently on the issue of arbitrability" *(Board of Educ. v Newfane Teachers Assn.,* 54 AD2d 1119, 1120; *Matter of Oneonta City School Dist. [Oneonta Teachers Assn.],* 59 AD2d 797; *Matter of Steinberg [Steinberg],* 38 AD2d 57, affd 32 NY2d 671). Those cases, however, involved broad arbitration clauses which purported to make arbitrable any dispute arising under the contract. The need is apparent, in such cases, for a notice which defines the dispute more narrowly than the arbitration clause itself. In this case, on the other hand, the clause only provides for arbitration of a narrow class of disputes under the contract dealing with the

delivery capacity of the wells, and the notice is sufficient for us to determine that an arbitrable dispute exists under the contract and to permit appellant to respond to the notice. Appellant also contends that the January arbitration notice was invalid because it was not served properly under CPLR 7503 (subd [c]). That section provides for service of a notice to arbitrate which will preclude the other party from objecting to the arbitration if the objection is not raised within 20 days after service of the notice. It states that such notice "shall be served in the same manner as a summons or by registered or certified mail, return receipt requested." In this case, however, two notices were communicated to appellant, the notice of January 18 by Xerox telecopier and the notice of February 17, by certified mail, return receipt requested. Since the second notice complied with the statute, we need not determine whether service by telecopier, acknowledged and accepted by appellant as it was, would be sufficient notice to commence the arbitration, although not to preclude the other party under CPLR 7503 (subd [c]) (see *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57, 65-66; *Matter of Merchants Mut. Ins. Co. [Anziano]*, 59 Misc 2d 673, 674-675). We have considered the remaining points raised by appellant and find them to lack merit. Because of these proceedings, the time periods set forth in the arbitration agreement cannot be met. The order of Special Term directed the parties to submit their data to the arbitrator within 30 days of the service of a copy of its order on appellant and directed the arbitrator to decide the matter within 60 days of the service of a copy of the order on appellant. We stayed the enforcement of that order pending appeal. We now vacate our stay and modify the order of Special Term to provide that the parties shall have 30 days from the date of our order to submit data to the arbitrator with five additional days to appellant to submit answering data after examining that of Paragon, and further directing that the arbitrator shall decide the matter within 60 days of our order. (Appeal from order of Erie Supreme Court—stay arbitration.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ. (Order entered April 25, 1978.)