■ In the Matter of the Arbitration between ROBERT L. CLEVELAND, as Superintendent of Schools of the City School District of the City of Norwich, et al., Appellants, and GAIL SERGIO, as President of the Norwich Educators Organization

NEA/NY, et al., Respondents.—Weiss, P. J. Appeal from an order of the Supreme Court (Ingraham, J.), entered July 1, 1991 in Chenango County, which denied petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Robert Somborski had been employed as a science teacher since 1965 by the City School District of the City of Norwich (hereinafter school district) in Chenango County and was a member of respondent Norwich Educators Organization NEA/NY (hereinafter NEA), the negotiating agent for teachers employed by the school district. Following a short period of hospitalization for depression, an agreement (hereinafter the retirement agreement) between Somborski and the school district was reached on April 14, 1987 providing that he would be placed upon special assignment, with duties to be determined by petitioner Superintendent of Schools at a declining salary less than paid full-time teachers, and that he would tender his resignation to be effective March 8, 1991. Thereafter, Somborski filed a grievance dated October 24, 1990 seeking reinstatement to full-time teaching, rescission of the retirement agreement and restoration of all benefits as a full-time teacher under the collective bargaining agreement between the Superintendent and NEA. The grievance alleged that the school district had violated several provisions of the collective bargaining agreement, that Somborski had been wrongfully induced to enter into the retirement agreement and execute a resignation, that his duties and responsibilities had not been reduced commensurate with the reductions in his salary, and that the school district wrongfully failed to include a medical report of his condition in his file. Following denial of both the grievance and appeal to petitioner Board of Education, NEA served a demand for arbitration upon the Superintendent pursuant to the terms of the collective bargaining agreement. Petitioners then commenced this CPLR article 75 proceeding seeking a stay of arbitration in response to which respondents cross-moved for an order compelling the arbitration. Supreme Court denied the petition and ordered the parties to proceed to arbitration. Petitioners have appealed.

In their first argument, petitioners contend that there is no agreement between the parties providing for arbitration of disputes. They contend that the retirement agreement specifically superseded the collective bargaining agreement and does not include any provision for arbitration. Supreme Court found that the retirement agreement, which stated that it,

"supersedes * * * prior agreements * * * *in connection with the matters covered herein"* (emphasis supplied), was "intended as a limited modification". We agree.

It is apparent that the retirement agreement was intended to specifically encompass limited purposes, i.e., Somborski's resignation and the duties and compensation during his interim employment until the effective date of the resignation. He was extended all benefits inuring to other teachers under the collective bargaining agreement and only matters pertaining to duties, compensation and duration of employment were intended to be changed. Because petitioners did not dispute the legality of the arbitration provisions under the collective bargaining agreement, judicial review here is limited solely to whether the retirement agreement preserved or precluded the arbitration provisions of the collective bargaining agreement *(see, Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513).

At oral argument petitioners urged us to follow *Matter of Cornell Univ. v UAW Local 2300, United Auto. Aerospace & Agric. Implement Workers* (942 F2d 138), which held that a letter of understanding incorporating negotiated changes in an earlier collective bargaining agreement created entirely distinct and different obligations from the earlier agreement. The court held that the later letter was collateral to the collective bargaining agreement and that the arbitration provision in the collective bargaining agreement did not extend to a grievance based upon a claimed breach of such collateral agreement. We find the *Cornell Univ.* case factually distinguishable in that the court there found that the school had expressly sought to keep the provisions in the letter of understanding out of the collective bargaining agreement, whereas here the retirement agreement specifically continued benefits extended to other members of the "Teachers' Unit" and superseded any other prior agreements only *"in connection with the matter covered"* therein (emphasis supplied). For these reasons, we hold that Supreme Court correctly denied the application for a stay.

We find equally unpersuasive petitioners' argument that the demand for arbitration lacks the specificity necessary to permit a conclusion as to the arbitrability of the dispute and find instead that the demand is sufficient to enable the court to rule intelligently on that issue *(see, Board of Educ. v Newfane Teachers Assn.,* 54 AD2d 1119, 1120; *see also,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7503.29). The issues having been

adequately posited, resolution of the merits of the dispute including the timeliness of the processes was properly left for the arbitrator *(see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912; *see also, Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905).

We find petitioners' remaining arguments to be without merit and that it is unnecessary to consider the contentions raised by respondents.

Mikoll, Levine, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.