■ In the Matter of the Arbitration between HAMMOND-SPORT CENTRAL SCHOOL DISTRICT, Respondent, and HAMMOND-SPORT NON-TEACHING PERSONNEL ORGANIZATION, Appellant. [689 NYS2d 822] —Order reversed on the law without costs, petition denied, cross motion granted and award confirmed. Memorandum: Supreme Court erred in granting the petition and vacating the arbitrator's award issued August 3, 1996, which interpreted the Bargaining Unit Positions section of the collective bargaining agreement (CBA) between the parties (*see, Matter of Board of Educ. [Watertown Educ. Assn.],* 93 NY2d 132; *Matter of Roma v Ruffo,* 92 NY2d 489). It is undisputed that the issue set forth in the grievance was a proper issue for arbitration. CPLR 7501 prohibits a court from determining the merits of the claim (*see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912, 913; *see generally,* Siegel, NY Prac § 589 [2d ed]). It is the arbitrator who determines the merits of the claim (*see, Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348, 356).

The issue before the arbitrator was whether petitioner, Hammondsport Central School District (District), violated the CBA by changing the groundskeeper position from a full-time, year-round position, to a part-time, 10-month position. The Bargaining Unit Positions section of the CBA listed the groundskeeper position as a full-time position. The arbitrator determined that the District must follow the terms and conditions of employment described in the Bargaining Unit Positions section of the CBA and that, by including the "Bargaining Unit Positions"

language in the contract, the District waived some of its "management rights" under the CBA. As a result of the arbitrator's determination, the District was barred from a unilateral reduction in the working hours of the groundskeeper so long as groundskeeper functions were being performed within the District (*see, Matter of Roma v Ruffo, supra*). Because the parties chose to arbitrate any alleged violation of the CBA or any dispute with respect to its meaning or application, the determination of the arbitrator must be upheld (*see, Matter of Board of Educ. v Watertown Educ. Assn., supra,* at 913).

The court granted the petition and vacated the arbitrator's award on the ground that the arbitrator impermissibly added a "job security" clause to the CBA. The dissent agrees with the court, but we do not. The arbitrator did not hold that the District must maintain all the positions listed in the Bargaining Unit Positions section. He held only that, if the functions being performed by a person within a specific bargaining unit position continue to be performed within the District, the District must retain the position as set forth in the Bargaining Unit Positions section. Respondent concedes that, if the District no longer required the performance of groundskeeper functions, the District could abolish the position of groundskeeper. Consequently, the determination of the arbitrator does not add a "job security clause" to the CBA.

All concur except Hayes, J., who dissents and votes to affirm in the following Memorandum.

Hayes, J. (dissenting). I respectfully dissent and vote to affirm. Supreme Court properly granted the petition and vacated the arbitrator's award. The collective bargaining agreement did not contain a specific job security provision. In the absence of an explicit job security clause, the arbitrator's decision requiring petitioner to maintain a year-round, full-time groundskeeper position until respondent agreed otherwise is contrary to public policy (*see generally, Matter of Board of Educ. v Yonkers Fedn. of Teachers,* 40 NY2d 268, 275; *Matter of Board of Coop. Educ. Servs. v Central Council of Teachers,* 59 AD2d 942; *cf., Matter of Burke v Bowen,* 40 NY2d 264, 267). The majority agrees with the arbitrator that, if petitioner employs someone to perform groundskeeping duties, it must employ that person full time, as opposed to part time. I, however, agree with Supreme Court that, absent a clear and unambiguous provision in the contract prohibiting petitioner from changing the working conditions without the consent of respondent (*see, e.g., Matter of Roma v Ruffo,* 92 NY2d 489, 493, 499), the arbitrator could not interfere with the right of petitioner to

determine its staffing needs. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Arbitration.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.