In the Matter of the Arbitration between VILLAGE OF JOHNSON CITY, Appellant, and JOHNSON CITY FIREFIGHTERS ASSOCIATION, LOCAL 921 IAFF, Respondent. [906 NYS2d 126]—

Garry, J. Appeal from an order of the Supreme Court (Lebous, J.), entered June 19, 2009 in Broome County, which, among other things, denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In May 2008, respondent, the Johnson City Firefighters Association, Local 921 IAFF (hereinafter the Union), and petitioner, the Village of Johnson City, executed a collective bargaining agreement (hereinafter CBA). The CBA includes a grievance procedure by which disputes "involving the interpretation or application of any provisions of [the CBA]" are subject to binding arbitration. It further provides that the Village will not "lay-off any member of the bargaining unit" and is not "required to 'back fill' hire additional members to meet staffing level of expired agreement."

Article II of the CBA establishes base salaries to be paid for a list of firefighting positions, including the Assistant Chief. The Assistant Chief retired in 2007; the position was vacant when the CBA was approved, and remained so until January 2009, when the Village Board voted to eliminate the position. The Union filed a grievance against this action and, in April 2009, served a demand for arbitration upon the Village and the Public Employment Relations Board. The Village commenced this proceeding seeking to permanently stay the arbitration. The

Union answered and cross-claimed for an order compelling arbitration. Supreme Court found the issue was subject to arbitration, denied the Village's application, and granted the Union's cross claim. The Village appeals.

In applying the two-part test to determine whether a grievance may be arbitrated, "[w]e first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]). Contrary to the Village's claim, this analysis does not bar arbitration of the parties' dispute. Although public employers have the "undisputed management prerogative" to eliminate civil service positions (*Matter of Saur v Director of Creedmoor Psychiatric Ctr.*, 41 NY2d 1023, 1024 [1977]), "it is clear that a public employer is permitted to voluntarily agree to submit controversies over staff size or minimum staffing levels to arbitration" (*Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO]*, 20 AD3d 859, 860 [2005]; *see Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers*, 40 NY2d 268, 274-275 [1976]; *Matter of Burke v Bowen*, 40 NY2d 264, 267 [1976]; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.]*, 37 NY2d 614, 617-618 [1975]). Moreover, in a recent dispute involving the same CBA at issue here, we determined that no conflict with Civil Service Law § 80 or other statutory, decisional, or public policy prohibition barred arbitration of the Union's grievance against the Village's abolition of six firefighters' positions (*Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City]*, 72 AD3d 1235, 1237-1238 [2010]). We find no reason to conclude otherwise here.

The second prong of the test requires that we "examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d at 278). Where, as here, a CBA's arbitration provision is broad (*see Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City]*, 72 AD3d at 1238), "our analysis in resolving whether the parties have so agreed is limited to determin[ing] whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076 [2006] [internal quotation marks and citations omitted]).

The elimination of the vacant title of Assistant Chief caused no firefighter to lose employment. Therefore, the Union

concedes that the clause in the CBA providing that the Village will "not lay-off any member of the bargaining unit" is not implicated; moreover, it agrees that the CBA does not obligate the Village to fill the vacant position. The Union's contention that this issue is arbitrable is based upon the inclusion of the Assistant Chief title in the CBA's salary schedule and upon a provision in the CBA establishing pay differentials to be paid to firefighters who are assigned to "out-of-title" work. We cannot agree that a "reasonable relationship" (*id.*) exists between the parties' dispute and either of these provisions, or any other provision of the CBA. The mere inclusion of a job title in a salary schedule, without more, cannot be construed as "an express and specific agreement between the parties evincing an intent to arbitrate disputes" over the elimination of that title (*Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO]*, 20 AD3d at 860). Nor do we find such intent evidenced in the "out-of-title" work provision, which imposes no limitation on the elimination of any job titles and does not mention this position at all. The Union's theory that eliminating the Assistant Chief position could potentially violate the out-of-title work provision if the Village assigned a firefighter to carry out the Assistant Chief's duties is entirely speculative on this record.

The CBA requires arbitration of any grievance involving the interpretation or application of any of its provisions. The CBA does not refer, explicitly or implicitly, to the elimination of vacant positions; thus, resolution of the parties' dispute does not involve interpreting or applying any of its provisions, and no breach of the CBA has been effectively alleged. In such circumstances, even a broad clause like the one at issue here cannot be construed to require arbitration (*see Matter of New York State Off. of Children & Family Servs. v Lanterman*, 14 NY3d 275, 283 [2010]). The application to stay arbitration was therefore improperly denied. It is unnecessary to address the further claim that the Union's demand for arbitration was untimely.

Cardona, P.J., Rose, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner's application to stay arbitration granted, and respondent's cross application denied.