██ In the Matter of the Arbitration between CITY OF KINGSTON et al., Appellants, and KINGSTON PROFESSIONAL FIRE FIGHTERS ASSOCIATION, LOCAL 461, IAFF, AFL-CIO, Respondent. [921 NYS2d 384]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Cahill, J.), entered January 26, 2010 in Ulster County, which denied petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Petitioner City of Kingston and respondent, the local firefighters union, entered into a collective bargaining agreement (hereinafter CBA) that runs for four years from the beginning of 2008 to the end of 2011. The CBA includes provisions for no layoffs during its term, minimum on-duty staffing levels, and an obligation that the City fill certain vacancies within 60 days. In May 2009, three firefighters retired and when the positions remained unfilled for over 60 days, respondent filed a grievance. The City responded that it would not fill the three positions because of its "dire financial condition." Thereafter, the City and respondent entered into a memorandum of agreement in October 2009 in which respondent made various concessions reportedly to save the City about $250,000; respondent specifically provided therein, however, that it was not consenting to the City's stance regarding the three unfilled positions. Respondent moved forward with arbitration on that issue, prompting petitioners to commence this proceeding seeking to permanently stay the arbitration. In dismissing the petition, Supreme Court observed that, although petitioners have a right to abolish positions for economic reasons untainted by bad faith, they had not established whether these three positions were so abolished and, hence, the matter should proceed to arbitration. Petitioners appeal.

The well settled two-prong test for arbitrability considers first whether the parties may arbitrate the dispute and, if so, whether they in fact agreed to do so (*see Matter of County of*

*Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519 [2007]; *Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City]*, 72 AD3d 1235, 1236-1237 [2010], *lv granted* 15 NY3d 710 [2010]; *Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [New York State Dept. of Civ. Serv.]*, 70 AD3d 240, 243 [2009]). Petitioners challenge only the first prong. "Under the first prong, the subject matter of the dispute controls the analysis . . . [and i]f there is some statute, decisional law or public policy that prohibits arbitration of the subject matter of dispute, then the answer to the first inquiry is no, and the claim is not arbitrable" (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280-281 [2000] [internal quotation marks and citations omitted]; *Matter of Village of Johnson City [Johnson City Firefighters Assn., Local 921 IAFF]*, 75 AD3d 817, 818 [2010]). "We are mindful that 'judicial intervention on public policy grounds constitutes a narrow exception to the otherwise broad power of parties to agree to arbitrate all of the disputes arising out of their juridical relationships' " (*Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO]*, 80 AD3d 1047, 1049 [2011], quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]).

The diverse approach in various jurisdictions to issues such as abolishing positions for fiscal reasons reflects the close and contentious nature of the scope of the public policy ground (*see generally* 2 Labor and Employment Arbitration § 47.03 [4] [i], [j]). The Court of Appeals has recently held that it is "inescapably implicit from a plain reading of [Civil Service Law § ] 80 (1) . . . that a public employer has a nondelegable discretion to determine—for reasons of economy, among others—what its staffing and budgetary needs are in order to effectively deliver uninterrupted services to the public" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d at 521 [internal quotation marks omitted]). The Court of Appeals has also noted, in a case involving staffing levels in the face of a looming budgetary crisis, that "a collective bargaining agreement may not become a 'suicide pact' " (*Matter of Board of Educ. of Yonkers City School Dist. v Yonkers Fedn. of Teachers*, 40 NY2d 268, 276 [1976]). Nevertheless, since the pertinent part of the collective bargaining agreement in *Yonkers* did not contain a provision, as in *County of Chautauqua*, directly conflicting with a statute, public policy

did not prohibit the matter from proceeding to arbitration; and, at the arbitration, "the financial condition of the city and its ability to fund the . . . positions [would be] relevant and [could] be considered" (*id.* at 276).

Here, it is not clear whether these three unfilled positions actually have been or will, in fact, be abolished. There was some indication that petitioners were simply extending the time to fill them beyond that set forth in the CBA. The disputed provision of the CBA does not clearly conflict with a statute, decisional law or public policy (*see Matter of Burke v Bowen*, 40 NY2d 264, 267 [1976]; *Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City]*, 72 AD3d at 1237-1238). In his affidavit, petitioner James M. Sottile (Mayor of the City of Kingston) describes the difficult financial conditions facing the City, including possible layoffs and leaving unfilled up to a total of as many as 50 city jobs. However, the extent to which these cuts actually occurred is not established by the record and, in any event, as in *Yonkers*, the financial condition of the City is an appropriate consideration at arbitration. We agree with Supreme Court that petitioners failed to satisfy any of the narrow grounds for prohibiting the matter from proceeding to arbitration.

Respondent's request for counsel fees upon the ground that the appeal was not perfected within two months of the filing of the notice of appeal is devoid of merit and denied.

Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.